*21 OPINION of the Court, by
Judge Owsxey.
This is an appeal from a judgment rendered in an action of ejectment brought by the lessee of the appellees in the court below.
The declaration contains two separate demises ©fun divided moieties of the land in contest, Robert Trimble, Jesse Bledsoe, Samuel R. Combs and John Holder are lessors of the plaintiff; and in the other John Hardwick is the lessor. _ _ ™ of «Inch
The land seems to have been patented in the name of Matthew Walton and John Holder, and the title to one ipoiety whereof was clai med by the plaintiff in the court below, through his lessor, Hardwick, by various intermediate transfers under Walton ; and the title to the other moiety was claimed through the other lessors, by various intermediate transfers, and a sale under an execution against the estate of John Holder, deceased.
In the progress of the trial in the court below, the plaintiff there, to establish his lessor Hardwick’s title, produced a deed purporting on its face to have been exe-cutod by Matthew Walton, and John Holder by his agent Chrjsiopher Greenup ; and to prove its execution introduced James Garrard, one of the subscribing witnesses thereto, who said the signature of James Garrard to the deed was his hand writing, but he had no recollection of the execution of the deed by the parties thereto, and he could not say whether, the name of Walton or that of Holder was written by Walton, or Greenup, Holder’s agent; but that it was always his practice to hear the acknowledgment of the parties to a deed before be subscribed his name as a witness, and that he did not be-Heve he ever in any instance subscribed his name as- a witness without hearing the acknowledgment of the par-deed. The defendants ⅛ ties to the execution of the deed. then moved the court to reject the deed from going ip evidence to the jury, because its execution w as notsuffici-ently proven ; but their motion was overruled, deed admitted as evidence. and, the
Whether, therefore, the court erred in not rejecting the deed, seems properly to form the first point for con-gideration. . >
. > That the execution of a deed ma| be proven by the oath of one witness only, does not admit of a doubt; and although the witness whose evidence was given in the *22 present case, appears not to have retained a very vivi$ impression of the transaction, the circumstances €eta& ed by him were certainly competent and abundantly sa*; tisfactory to establish the execution of the deed by Wai-tón. To require more to be proven, would be not only prostrating1 the rules of evidence, but substituting a principle which in its consequences would inevitably tend to preclude all possible proof in relation to the execution of deeds of ancient date : for it cannot be supposed witnesses can at all times and at the most distant periods relate the particular circumstances of any occurrence whatever. ■ r
A deed made by a foeriff af. ter his commifv üon expires, for land fold byhirr* on execution whilft he was in office, is valid.
Lands may be fold under a fi. j5z, iflued by virtue of a de. cree in chance, ry, according to the /lattices of Kentucky^
Jn ejectment áemtfe for one moiety from one leflor, and for the other moiety from ano. ther letfor, if the title of one of the leflbrs is not proved, yet the pl'ff /hall recover accord íng :o the title proved by the other leflor.
But it was said in argument, that if the execution of the deed was sufficiently proven as to Walton,, yet as there was no proof of Greenup’s agency for Holder, the court erred in not instructing the jury to disregard th*. deed as to Holder’s moiety. •
To this it need only be replied, that the plaintiff in, the ejectment claimed Walton’s moiety only through his lessor Hardwick, and as it was offered for the purpose only of establishing his right to that moiety, the court properly admitted it without any instructions as to its efficacy. .
After all the evidence was gone, through on the trial in the court below, that court, on the motion of the defendants there, refused to instruct the jury, that if they" should be satisfied from the evidence that the deed from Walton and Holder was duly executed by both the gran-' tors therein, that in that case the legal title to the land-therein mentioned passed from both grantors, and that' Holder’s interest in tire land which so passed by the deed was not subject thereafter to be sold by execution,-' either against Holder or his representatives. And-whe>¿-ther that court erred in withholding the instructions-asked, presents the next question for determination.
Without deciding what the decision of that court should have been, had the evidence in any respect conduced to prove the execution of the deed by Holder, we are of opinion as no such evidence was produced, the court properly withheld the instructions asked: for although either party in the progress of ⅜⅜ cause has a right to the instructions of the court on points of law applicable to a state of facts which the evidence conduces-' to prove, it is clear the court is not bound to give ⅛ «tractions on mere abstract propositions $. and astffir *23 motion -of tile defendants partakes of that character, it was properly overruled.
The plaintiff in the ejectment, to establish a title to r>ne moiety of the land in contest in his lessors, Robert Trimble, &c. having produced in evidence a copy of the decree, and the execution which issued thereon, and under which the sheriff of Bourbon sold the land; and also having produced the deed of conveyance executed by the sheriff after his term of office expired, the defendants in that court moved the court to instruct the .jury that the deed from the sheriff was not good and valid, and that it convéyed no legal title to the land in contest; but the court overruled their motion, and refused to give &e instructions to the jury.
In determining whether the court decided correctly in overruling this motion of the defendants, we are led to examine the validity of the deed executed by the sheriff ; and in making this examination two questions arise: First, is land liable to be sold under an execution which issues upon a decree in equity ? and if it is, secondly, has the sheriff who makes the sale authority to convey after his term of office expires?
As to the first question it will not be denied but that by the letter of the act of 1792, which first subjected lands to the payment of debts, that sales under writs of fieri facias were confined to the satisfaction of judgments, According to the rules of chancery practice, writs of fieri facias could not regularly issue upon decrees. : The legislature, however, aware of the mis-chiefs resulting to litigants in chancery, in consequence ofwrits of fieri facias not being allowable on decrees; to remedy the evil, by an act of 1796, authorised the issueing of writs offieri facias, and other writs of execution*=upon decrees; and further provided, that all process which might so issue, should have the same operation, and possess the same force, to all intents and purposes, as similar process issued upon judgments. Whatever, therefore, may have been the legal effect of the act of 1792, before the passage of the act of 1796, it is clear that not only according to the equity, hut by the express lettepof the latter of those acts, lands may be now taken and sold by writs of fieri fiadas in satisfaction of decrees in chancery. For as waits oí fieri fiadas before the passage of this act had the operation -and possessed theppawof selling land» in satisfaction of judgments ; *24 ⅜0 shice tten similar Wife have the operation, and possess the power of selling- lands ⅛ 'satisfaction of decrees;
As ⅛⅛ land may be taken and sdld in satisfaction of décfeésrn éhancery, by sheriffs, under wits of fieri fafcitfe, the question occurs, can the sheriff making the ~sdle execute a deed of conveyance fotthe land sold, after his term of office expires ? We áre of opinion he may. The provisions 6f the act subjecting lands to the paymeritibf debts, evidently require the deed (if conveyance ⅛ be Tirade by the sheriff who sells the land. That ■act; it Is time, contains no express delegation of power do thé áhériff to convey after his term of office expires, Adr do ⅜⅞ suppose such an express delegation of power was necessary to enable him to do so: for as the dfficer sSlxng, is required to convey, the execution of the deed 'of conveyance thereby forms a necessary part of the execution of the writ; and as, according to thfe settled ■principles of the common law, he who begins the execution of a writ'of fien facias must end it, so now under the statute, he Who sells must finish the execution hy conveying.
It was contended in argument, that as this principle sdf the common law grew out Of the sale 6f chattels under execution, it should not be made to apply to the sale iof lands under the statute. To this it may be ansTVer-~ed, that it Was owing to the nature of the writ, and not the description of the property upon which it operated, that gave rise to the principle ; and as the legislature, in subjecting lands to the payment of debts, have adopted that description of wit whose qualities gave rise to the principle, it is but fair to presume they intended the •sheriff who might take land under a, fieri facias, should, according to this principle, sell and convey the same, though his term of office should expire before the sale ' or conveyance. That the legislature so intended, is, irioreover, further manifest, by their failure to provide for the successor in office to complete the execution of-a fieri facias which might be levied on lands, and not sold •by his predecessor : for With a knowledge of the term for which sheriffs hold their office, the legislature must hkve foreseen the probable occurrence of various cases where the sheriff levying nr. execution on lands could liotmake' sale thereof during his continuance in office ; atid it Cdnnbt be supposed they intended to leave those cases unprovided fot; and as they have not 'authorised the successor in such cases to complete the execution» *25 the inference is irresistible, that they intended that principle of the common law to prevail which make# it the duty of the sheriff who levies, to complete the exe-catión of the writ. But it was also urged in argument, that as the legislature has since the passage of the act of 1792, provided for the conveyance of lands by the sheriff in office, where the sale may have been made by a predecessor in office, tliey have thereby repealed any authority which the sheriff selling, might otherwise have had under the former act. If we are correct in the construction which We have given to the act of 1792, .the subsequent, act cannot in any wise affect tile case. That act contains no repealing clause, and neither the reasons which induced the legislature to enact it, nor the purposes of substantial justice, requires it should be construed to Operate as a repeal of the act of 1792, or any of its provisions.
. Upon the whole, we are of opinion the sheriff had authority to convey, and that the deed executed by him, invalid, and transfers a good title.
, It remains, therefore, to decide whether the court below finally erred in refusing to instruct the jury upon the motion of the defendants in that court, that if they should find title to one moiety of the land in contest in one of the lessors of the plaintiff, and should find no title to the other moiety in the other lessors, that they should find for the defendants.
, We can perceive no objection to the decision of the court in overruling this motion. It is certainly the settled doctrine of the English courts, and has been repeatedly recognised by this court, that 41 plaintiff in ejectment is not bound to shew title to all the land claimed by his declaration, but may recover according 'to the extent of his title made out at the trial. According to this doctrine, it would seem to follow the plaintiff in the court below might recover upon the title of one of his lessors, unless he is prevented by the application of some other principle. It is true, cases have occurred, where owing to the variance between the proof and the allegations in the declaration, a recovery has not been allowed, even according to the title ; as for example where the declaration contained ⅛ joint demise by two, and the evidence proved a title in one only; there, because,the expression demised, in the plural, implied an interest in both the lessors, it was held the-proof *26 did not Correspond with the title alleged, and the plain* tifiSrould not consequently recover.
But as the decision in the case just mentioned grev£ out of the artificial import of a joint demise, and turned on the variance between the proof and the allegation in the declaration, that case can have no application to the one before us : for in the present case the plaintiff has properly declared on separate demises ; and ah, though the jury- might not be of opinion he had manifested a title in each of his lessors, there can be no sub-, stqntial objection to his recovery according to the title ■which they should be of opinion he had.proven.
The judgment of the court below must be affirmed ■With costs.