*BULLARD* vs *WILSON*.

Whether the
endorsee take
up a note by
payment or
by novation,
his recourse
against the
endorser is
the same.

A witness
swearing that
he had no re
collection of
giving
the notice of
a protest, ex-
cept from the
memorandum
on the back of
it, but that he
had no doubt
he had given
it, or he would
not have made
such a memo-
randum, is
legal proof
that the no-
tice was given

The plaintiff, as endorsee, sues the first en-
dorser, who pleaded the general issue, and
that the maker of the note obtained an accom-
modation on it in bank—that the note was not
*paid* by the plaintiff, but the debt of which it
is the evidence, was extinguished by novati-
on, the bank having received in exchange an-
other note for the amount of the one on which
the maker might, according to agreement,
have obtained a renewal—that the plaintiff is
not the owner of the note sued on—that
the defendant received no consideration for
his endorsement, nor any notice of pro-
test.

There was judgment against him, and he
appealed.

The protest was produced, and the signa-
tures of the makers and all the endorsers an-
terior to the plaintiff, were proven.

The cashier deposed that the maker of the
note had accommodations in bank to a large
amount, for which various notes were given,
and the debt was gradually reduced, after se-
veral renewals, to the sum for which the note
sued on, was given—several sums from diffe-

rent loans being consolidated. At the maturity of this note, the defendant declined farther endorsements, and the plaintiff took it up after protest, by paying the proportion required on the renewal, and giving his own note for the balance. The proceeds of this last note were placed to the plaintiff's credit, and he gave a check for the whole amount of the note sued on, which was surrendered to him by the witness—who would not have paid the proceeds of the note last discounted, to the plaintiff, while he stood debtor on his endorsement, if the money had not been called for to pay the protested note.

The parish judge's memorandum of his having given the protest to the defendant in person, was on the back of the protest, and he deposed he had no recollection of giving it, but he had no doubt of his having given it, as he never made such a memorandum without having given the notice.

The endorsement of the note by the defendant to Thomas, and by Thomas to the plaintiff, are proven—so is the protest, and the payment of the note by the plaintiff.

There is as good evidence of the notice as is possible to be expected. A notary who

daily protests and gives notice of the protest of a great number of notes, cannot possibly be able, at a distance of time, to recollect the very day he gave a particular notice, unless, immedia ely after he gave it, he made a memorandum of it ; and it is from the information which his memorandum recalls, that he can satisfactorily establish either the day, the place, or the person whom he notifies.

In this case, therefore, the notice is duly proven. *See Alton & al.* vs. *Trimble & al.* 4 *Bibb,* 22.

There was no novation of the debt of the maker of the note, nor of the defendant.

The plaintiff, being bound to pay the amount of the note, after protest and notice, discounted his own note, and paid its proceeds, and another sum of money to discharge his debt to the bank and acquire a right to his reimbursement, on the maker and the anterior endorsers. Whether he novated or paid his own debt is immaterial as by either way he was subrogated to the rights of the bank.

It is therefore ordered, adjudged and de-

creed, that the judgment of the district court be affirmed with costs.

*Bullard* for the plaintiff, *Wilson* for the defendant.