## SANDERS v. THE TEXAS PRODUCING CO. et al.

No. 11825—Opinion Filed Sept. 18, 1923.

1. **Frauds, Statute Of—Oral Contract to Sell Land—Specific Performance.**
   Where an oral agreement is entered into, whereby A. agrees to purchase lands from B. and enters into possession, and does not commit irreparable waste or so alter conditions that the parties may be placed in their original positions, mere possession unaccompanied by any partial payment is not sufficient to take the transaction out of the statute of frauds relating to an interest in lands and the court will not decree specific performance of such oral contract.

2. **Mechanics' Liens — Judgment — Sheriff's Deed — Invalidity for Inclusion of Lands not Liable.**
   Where A. forecloses a materialman's lien against B. for material furnished B. and placed on B.'s land, and the claim filed and the judgment taken by A. and the sheriff's deed issued on order of sale include or cover a tract of land which did not belong to B. and upon which no improvements were placed by B., the claim, judgment, and sheriff's deed are void, as against the land not owned by B.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by the Texas Producing Company against C. W. Sanders. Judgment for plaintiff, and defendant brings error. Affirmed.

H. B. Martin and R. A. Reynolds, for plaintiff in error.

Everett Petry, Banks, O'Brien & McVey, and Jay W. Scovel, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Tulsa county by the Texas Producing Company, defendant in error, on the 24th day of April, 1918, and for convenience the parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

Briefly stated, the plaintiff alleges that it is the owner and entitled to the immediate possession of a certain 40-acre tract of land in Tulsa county.

The defendant, C. W. Sanders, in his answer to plaintiff's petition, avers that he is the owner of said land by reason of a certain sheriff's deed issued by the sheriff of Tulsa county, Okla., on the 22nd day of January, 1914, and that said deed was issued by reason of an execution issued in the district court of Tulsa county on a judgment rendered in that court wherein Dickason-Goodman Lumber Company was plaintiff and J. L. Harnage was defendant, foreclosing a certain materialman's lien, and further avers that the plaintiff, the Texas Producing Company, made an oral agreement with the said Harnage in March, 1911, whereby it agreed to convey the land in controversy to Harnage for and in consideration of $800, and pursuant to the negotiation had, the Texas Producing Company, through its proper officers, executed a deed and deposited the same in a bank in Tulsa, with directions to deliver same to the said Harnage on the payment of $800, and so far as the record discloses, the transaction seems to have closed at that stage. The deed remained in the bank for an indefinite period, but was never called for and no money was ever paid to, or rendered to, the bank for same.

The undisputed facts in the case disclose that the witness Harnage was the owner of an 80-acre tract of land adjoining the 40 acres in controversy, and some time in the latter half of 1911, he made some improvements on the land he owned, and in December, 1911, executed a note in the sum of $474.85 in settlement of the balance due for the lumber and material used in making the improvements placed thereon. The lumbermen filed a materialman's claim to secure the payment of the material furnished and for which the note was given, and the note and lien claim were the basis of the suit heretofore referred to, and out of which resulted the execution of the sheriff's deed relied upon by the defendant, Sanders, he being the grantee in said deed.

When the note heretofore referred to was given, Harnage, the maker thereof, made a notation on the same, in which he gave

a description of his 80-acre tract of land, and also the 40 acres in controversy, and the further notation that it was for materials furnished, and the lumbermen in making out the lien claim which they filed, included the 40-acre tract which is in controversy as being a part of the land upon which the improvements had been placed; the facts, however, are that the improvements were made exclusively on the 80-acre tract which belonged to Harnage. The sheriff's deed included the entire 120 acres of land, the 80 acres owned by Harnage and the 40 acres which belonged to the plaintiff, Texas Producing Company. Harnage kept up the fences around the tract in controversy and cultivated a small portion of it for two or three years, and then seemingly abandoned the entire place, and made no defense against the foreclosure proceedings.

The defendant, Sanders, in his first answer attacks the deed by which the plaintiff holds the land, alleging that it was void, and in his second, or amended, answer he seems to rely on the law of subrogation, and sets up the oral agreement and the facts growing out of same concerning the purchase of the land by Harnage from the Texas Producing Company, and tenders the $800, and asks that the deed be issued to him, and this all occurs some four or five years after the oral agreement to purchase was made and after the deed was executed and placed in the bank at Tulsa.

The cause was submitted to the court without the intervention of a jury, and on the trial of same the court sustained a demurrer to the evidence of the defendant, Sanders, and entered judgment for the plaintiff, from which order the defendant appeals, and assigns numerous formal errors, but the only one which we think is necessary to consider is the one wherein error is complained of by reason of the sustaining of the demurrer interposed by the plaintiff to the evidence of the defendant.

Plaintiff in error urges the well-established rule followed by a long line of opinions rendered by this court, wherein they call attention to the general rule as stated in Taylor v. Enid National Bank, 77 Okla. 74, 186 Pac. 232, which is as follows:

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted. The court cannot weigh conflicting evidence, but must

treat the evidence as withdrawn which is most favorable to the demurrant"

—and cites many other authorities, which they contend are in point, but the facts are so clear and elementary in their nature that we deem it unnecessary and improper to incumber the opinion with citations and with a discussion of the same. No consideration ever passed—no deed was ever delivered. The party from whom they claim to take title disclaims any interest in the land, and the rule that a purchaser at an execution sale, and who takes a sheriff's deed, buys at his peril, is well settled in this jurisdiction. The purchaser takes no better title than is authorized under the judgment in which the execution and order of sale issued, and there being no conveyance to Harnage, the parties in whose name the title was at all times, were not made parties to the foreclosure proceedings, and had no knowledge of same, and we are at a loss to know, or conceive of what theory, rule, or principle of law could be invoked in aid of the defendant.

The judgment of the court in sustaining the demurrer was eminently correct, and we recommend that the judgment be affirmed.

By the Court: It is so ordered.