THOMPSON v. GENERAL OUTDOOR ADVERTISING CO., Inc.

No. 30064. April 25, 1944.

Rehearing Denied Sept. 12, 1944.

*151 P. 2d 379.*

Rex H. Holden and R. B. Holtzendorff, both of Oklahoma City, for plaintiff in error.

Everest, McKenzie & Gibbens, of Oklahoma City, for defendant in error.

DAVISON, J. This is an action in ejectment. It was instituted in the district court of Oklahoma county by T. G. Thompson against General Outdoor Advertising Company, Inc., a corporation.

In his amended petition plaintiff, in four causes of action, asserted ownership and right to possession of four tracts of real estate situated in Oklahoma City. He asserted that his title rested upon a judgment of the district court of Oklahoma county rendered in an action to quiet title wherein he was plaintiff and numerous named parties, including G. A. Nichols, Inc., a corporation, were defendants. A copy of the journal entry of judgment was referred to in the amended petition as a part thereof. The cause in which the judgment quieting title was entered was styled T. G. Thompson, Plaintiff, v. S. R. Warden et al., Defendants, and docketed as No. 72535. Hereafter in this opinion we shall refer to it by the docket number.

Plaintiff also asserted that defendant was in possession of each of the properties. He sought to be restored to possession of the property and to recover damages from the defendant for wrongfully withholding possession.

The defendant's answer in addition to a general denial asserted affirmatively certain alleged facts in connection with the possession and ownership of the property. Among other things, it was averred that defendant rightfully held possession as tenant of G. A. Nichols, Inc.

Plaintiff's reply consisted of a general denial.

Subsequently, plaintiff's first two causes of action were dismissed without prejudice. Thus the dispute was narrowed to the properties involved in the plaintiff's third and fourth causes of action, which were respectively:

Lots One (1) to Four (4) both inclusive, in Block Nineteen (19) of Putnam Heights Addition to Oklahoma City.

—and:

Lots Three (3) and Four (4) both inclusive in Block Thirty Four (34) Putnam Heights Addition to Oklahoma City.

In June of 1940, the cause was tried

to the court without the aid of a jury. At the close of the evidence the court upon request made special findings of fact and conclusions of law, and in accord therewith rendered judgment for the defendant.

The plaintiff presents the case on appeal, appearing herein as plaintiff in error, thus preserving the order of appearance in this court. We shall continue to refer to the parties by their trial court designation.

In the trial of the cause the proceedings in cause No. 72535 were introduced in evidence. From the record before us it appears that that action was instituted in the district court of Oklahoma county on January 22, 1932, by the plaintiff herein, T. G. Thompson, as plaintiff therein, against numerous named defendants, including, as previously noted, G. A. Nichols, Inc., but not including or naming the General Outdoor Advertising Company, defendant herein, as a defendant therein.

The plaintiff in his petition in cause No. 72535 asserted himself to be the legal and equitable owner of and in possession of numerous pieces of property, including the property involved in this action, and alleged in substance that the persons named as defendants were asserting groundless adverse claims.

It now appears that the plaintiff was in that action probably claiming title under a certificate tax deed; however, the source of his claim of ownership and title was not reflected in his petition. Since the action was in the nature of an action to quiet title as distinguished from an action in ejectment, deraignment of title was not therein necessary. McGrath v. Durham, 151 Okla. 55, 1 P. 2d 718; McGrath v. Majors, 179 Okla. 500, 66 P. 2d 915; Houghton v. Houghton, 178 Okla. 167, 62 P. 2d 473; Cochran v. Norris, 175 Okla. 126, 51 P. 2d 736.

In the action separate causes of action may have been contained which should have been separately stated and numbered and the various causes of action may have been improperly joined. However, these irregularities (being mere defects in the pleadings) were not, if they existed, jurisdictional, and do not render the judgment vulnerable on collateral attack. Notice, Hardwicke-Etter Co. v. City of Durant, 77 Okla. 202, 187 P. 484; Ciesler v. Simpson, 187 Okla. 641, 105 P. 2d 227.

G. A. Nichols, Inc., was served with summons on December 12, 1932.

On January 9, 1933, a default judgment was entered against some of the defendants in that action, but the pendency of the action was preserved as to others. G. A. Nichols, Inc., was not among those against whom default judgment was entered.

On July 6, 1939, the plaintiff obtained judgment against G. A. Nichols, Inc., and other defendants in cause No. 72535 quieting his title to the property involved in this action (and other property) against the adverse claims of such defendants. That judgment was not appealed and became final.

The court in which the judgment was rendered had jurisdiction of the subject matter of the action, jurisdiction over the person of G. A. Nichols, Inc., and the power to render the particular judgment which it did render; unless, prior to the rendition of judgment, it had relinquished or exhausted its jurisdiction. This latter contingency is a pivotal point of dispute in the case at bar.

The defendant herein takes the position that on June 5, 1936, more than three years prior to the rendition of judgment herein relied upon by the plaintiff, cause No. 72535 was finally disposed of by dismissal, that such dismissal constituted a final disposition of the cause, and that in July of 1939, when the judgment was rendered, there was no action pending in which to render judgment.

In support of this position defendant calls our attention to an order of the court filed on June 5, 1936, which we

quote in full with the exception of the caption:

### "Order of Dismissal

"It appearing to the court that there has been unnecessary delay in the prosecution of this case, and that the orders of the court have not been complied with and that the petition and proceedings should be dismissed.

"It is, therefore, ordered by the court that the motion to strike the petition be and the same hereby is sustained, and the petition and proceedings last filed are stricken from the record.

"Lucius Babcock,
"Judge."

Standing alone and unexplained the foregoing order is drafted in a form which lends color and plausibility to the position taken by the defendant.

If at the time the order was entered there had been but one petition or pleading which could be termed a petition in the prior proceeding, namely, the petition of the plaintiff, there could be no doubt that the word "petition," as used in the order, referred to plaintiff's petition, and if there had been no procedure taken (other than the institution of the action proper) which might be referred to as "proceedings," there would seem but little question that the word "proceedings" used in the order in connection with the disposition by dismissal referred to the action instituted by the plaintiff.

But such was not the state of the record at the time the order was entered.

Our statutes specifically authorize proceedings to vacate judgments. 12 O. S. 1941 § 1031 et seq. In certain enumerated instances such proceedings should be by petition. 12 O. S. 1941 § 1033. When a proceeding to vacate a judgment is instituted by petition, it constitutes an independent action and it may be docketed as a separate action or as a part of and in connection with the original case in which the judgment was rendered. Grayson v. Stith, 181 Okla. 131, 72 P. 2d 820.

Apparently, from the record before us, at least two such independent proceedings were instituted in connection with cause No. 72535, seeking to vacate in whole or in part prior judgments partially disposing of the cause. These independent proceedings were docketed as a part of the original cause, that is, as a part of cause No. 72535.

Thus, when the above-quoted order of June 5th was instituted, the words "petition" and "proceedings," as therein used, may well have referred to some petition or proceeding other than the plaintiff's petition or the principal proceeding instituted by him.

The motion which preceded the above-quoted order indicates that the order of dismissal was not directed at plaintiff's petition. It was filed on June 2, 1936 (three days before the order of dismissal) and purported on its face to be filed by the plaintiff, who sought dismissal of a petition to vacate in whole or in part a prior partial judgment. The petition to vacate which it was sought to dismiss was described in the motion as having been filed on July 12, 1935, about two years after plaintiff's petition. The grounds upon which dismissal was sought was failure to properly prosecute the proceeding to vacate.

It would thus appear from the files in the case that the order of dismissal did not allude to plaintiff's petition, but rather a petition to vacate judgment and the independent proceedings in connection therewith.

The record also reflects that there was then on file in the action another petition to vacate in part a former partial judgment, which petition was filed on March 31, 1936.

We deem the record on its face insufficient to indicate that the court had exhausted or relinquished its jurisdiction by an order dismissing the main or principal action, although there was probably some negligence on the part of the plaintiff in permitting such an ambiguous order to remain a matter of record during the pendency of the litiga-

tion, a matter to which allusion will be subsequently made in this opinion.

Our conclusion that the "order of dismissal" was not intended to affect plaintiff's petition or action against G. A. Nichols, Inc., is further strengthened by the fact that on July 8, 1939, two days after the judgment of July 6, 1939 (the judgment on which plaintiff herein relies), the court on application of the plaintiff in cause No. 72535 entered an order in the nature of an order nunc pro tunc to correct the record. The order nunc pro tunc as entered so corrected the order of dismissal as to indicate that the same did not affect the pendency of plaintiff's action against G. A. Nichols, Inc. There is some question concerning the validity of the order nunc pro tunc by reason of want of notice to interested parties, but a discussion of that question in this opinion is unwarranted since upon other considerations we have already concluded that the order of dismissal did not, as defendant contends, affect plaintiff's pending action against G. A. Nichols, Inc.

There is also parol testimony in the record before us reflecting that the order of dismissal was not intended to dispose of the plaintiff's action in cause No. 72535. That evidence will not be herein analyzed in this opinion because of our conclusion on other grounds that the order did not have the effect attributed to it by the defendant.

It is thus our conclusion that the plaintiff herein did, on July 6, 1939, procure a valid judgment in cause No. 72535 quieting title in himself as against the adverse claims of G. A. Nichols, Inc. That the cause in which the judgment was rendered had been actually pending since 1932, although by reason of an ambiguous order of dismissal entered June 5, 1936, third persons might be misled concerning the fact of the status of the action. We have also concluded that permitting this ambiguous order to stand could be held to constitute an act of negligence on the part of the parties in the action, including the plaintiff.

It is appropriate to mention at this point that in the trial of this cause the plaintiff introduced in evidence over the objection of the defendant certain tax deeds from or through which he claims to have obtained a title, adequate in itself unaided by judgment.

As we have previously noticed, this is an action in ejectment, and under our statute deraignment of title is required. The plaintiff did not in his petition in this action trace his title to a tax deed or tax deeds.

While a plaintiff in an action of ejectment may rely upon two sources of title or right of possession and prevail upon either (St. Louis Public Schools v. Risley, 28 Mo. 415, 75 Am. Dec. 131; Allen v. Trimble (Ky.) 4 Bibb 21, 7 Am. Dec. 726; Pitts v. McWhorter, 3 Ga. 5, 46 Am. Dec. 405), he should in this jurisdiction under our statute plead both sources of title when he desires to rely upon same. 12 O. S. 1941 § 1142. Notice, in this connection, Allen v. Trimble, supra.

In view of our conclusion with respect to the validity and effect of the judgment, and in view of the necessity of a new trial created by that conclusion as hereinafter announced, and in view of the failure of the parties to properly frame and present issues with respect to the validity of the tax deeds, we decline to consider the effectiveness and validity of those deeds in this appeal.

Having ascertained the position and rights of the plaintiff in this action, we now address ourselves to the position and rights of the defendant.

The defendant's occupancy and possession of the premises is for advertising purposes. Photographs in the record reflect that it has erected large signboards for display advertising on each of the properties.

This occupancy and possession of the defendant has continued for a number of years under a lease arrangement or successive arrangements with G. A. Nichols, Inc. The trial court found as a matter of fact that the occupancy of the defendant commenced in 1925, although the record on this point does not

seem to make the matter as certain as the finding of the trial court would indicate.

Assuming, without deciding, that the trial court correctly held that the possession of the defendant lessee began in the year stated, we are unable to find in the record any evidence indicating that it then or at any time prior to the institution of the action in cause No. 72535 had a long term lease which did not terminate prior to the date of the institution of the case at bar. In fact, while the evidence on this point is very unsatisfactory, the record indicates that the continuing occupancy was at all times on a temporary basis. To illustrate, Mr. T. A. Montague, rental manager for G. A. Nichols, Inc., testifying as a witness for the defendant in this action, stated:

"Q. Do you know how much you were collecting from this property in 1934? A. No, sir; I do not. Q. Do you have any way of finding out? A. No; I looked for leases on it in those years, 1934 and 1935, and along there, and didn't find any; the fact of the matter is, the reason I don't think there is any lease, we would trade locations for the painting of signs and we would get together in Mr. Coyle's office and talk about these lots and say, 'If you will paint this we will let you have this,' and we just horse-traded around for several years like that. Q. Isn't it a fact that in 1934 you had a contract on the property at 36th and Classen purporting to rent it to the General Outdoor Advertising Company for $114 a year? A. No, sir; I do not know that."

Without more definite evidence on the duration and terms of the lease arrangement or arrangements between G. A. Nichols, Inc., and the defendant herein, the right of the defendant to continue in possession of the premises cannot be ascertained in this court for the reason that the defendant was not a party to the action in cause No. 72535.

Since the defendant in that case was not a party to the suit, the judgment in that case was not binding on it as to any rights or interests which it had acquired prior to the institution of the litigation and service of summons on G. A. Nichols, Inc.; however, as to any rights which it may have thereafter acquired by contract or agreement with a party to the suit (in this case G. A. Nichols, Inc.), it is chargeable with knowledge and bound by the judgment upon consideration of the doctrine of lis pendens.

The general rule applicable is stated in 34 Am. Jur. pp. 361 and 362, as follows:

"While it is a settled general rule that one who is not a party to a suit cannot be affected by the judgment rendered therein, this rule, like others, has its exceptions; and the authorities agree that whoever purchases or acquires an interest in property that is involved in pending litigation stands in the same position as his vendor, whether he purchased for a valuable consideration or not, and takes it subject to any judgment or decree that may be rendered. In other words, as the Supreme Court has pointed out, it is a recognized principle that all persons contemplating the acquisition of property are bound to take notice of an action involving the title, 'and will, on their peril, purchase the same from any of the parties to the suit.' "

See, also, 34 Am. Jur. pp. 369, 370, 377 and 378; Kremer v. Schultz, 82 Kan. 175, 107 P. 780.

Under our statute, 12 O. S. 1941 § 180, the doctrine of lis pendens applies to impart notice from the date of the filing of the petition if the summons is served or the first publication of notice by publication is made within 60 days after the petition is filed. Otherwise, it does not prevail until the date the summons is served. Shufeldt v. Jefcoat, 50 Okla. 790, 151 P. 595.

It is possible that the defendant in this case may have acquired some rights in the form of a lease during the period of time when plaintiff permitted the ambiguous order indicating dismissal to remain a matter of record in cause No. 72535. If so, it may be entitled to some protection of rights thus acquired. However, we do not now decide that question nor discuss the same other than

306

to mention its potential existence in this case. Notice, in this connection, Shufeldt v. Jefcoat, supra.

The trial court erred in rendering judgment for the defendant. Its judgment is accordingly reversed, with directions to grant a new trial and proceed in a manner not inconsistent with the views herein expressed.

GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur.