2001 OK CIV APP 78

**WELLS FARGO CREDIT CORPORATION, Plaintiff/Appellant,**

v.

**Gerald SELBY and George Selby, Defendants/Appellees,**

and

**Andrew York, III; Permelia C. York; Tulsa County Treasurer; Board of County Commissioners of Tulsa County; State of Oklahoma, ex rel. Oklahoma Tax Commission; State of Oklahoma, ex rel. John P. Crawford, Insurance Commissioners as Receiver for American Lenders Insurance Company; Associates Financial Savings and Loan Association; Associates Investment Corp.; FM Services Corporation; United States of America, ex rel. Internal Revenue Service; and Mark O. Thurston, Defendants.**

No. 95,291.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 9, 2001.

Certiorari Denied May 15, 2001.

W. Brent Kelley, Pruitt, Kelley & Ford, Oklahoma City, OK, for Plaintiff/Appellant.

R. Brent Blackstock, Blackstock & Associates, Tulsa, OK, for Defendants/Appellees Gerald Selby and George Selby.

BUETTNER, Presiding Judge:

¶ 1 In 1994 the Yorks failed to pay the ad valorem tax on their property located in Tulsa County, Oklahoma. George and Gerald Selby (Selby) bought a tax certificate on that property from the Tulsa County Treasurer in October 1995. In 1996, the Yorks defaulted on their mortgage with Wells Fargo Credit Corporation which sued Yorks to foreclose the mortgage July 14, 1997. On January 22, 1998, Selby served notice of his application for tax deed on Wells Fargo's service agent. Sometime prior to January 23, 1998, Wells Fargo filed a *lis pendens*. Selby received the tax deed certificate March 30, 1998. The trial court granted summary judgment in

favor of Selby, finding that the foreclosure action did not prohibit the County Treasurer from issuing the tax deed. We affirm.

¶2 Wells Fargo claims that the trial court erred in refusing to invalidate the tax deed because the notice given to Plaintiff violated due process. It also contends that the court erred in refusing to invalidate the tax deed on the ground that its issuance was prohibited by the doctrine of *lis pendens*.[1]

### Notice

¶3 Wells Fargo did not have an Oklahoma office, but did retain a service agent in Oklahoma. After being served with the Notice of Application for Tax Deed, the service agent forwarded the Notice to Wells Fargo in Walnut Creek, California. Wells Fargo argues that because Selby did not give notice of the application to the lawyer representing Wells Fargo in the foreclosure suit, that notice of the application was invalid.

¶4 When no one has redeemed the lands within two years from the issuance of the tax certificate, the certificate holder who wants to procure the deed must serve notice of application for tax deed on the owner of the land, the person in possession of the land, if occupied, and upon all mortgagees of record. 68 O.S.1991 § 3118(a). Further, "[a]ll service and return shall be made in the same manner as that of summons in courts of record." 68 O.S.1991 § 3118(b). Service of summons on a corporation may be made by certified mail, return receipt requested, delivery restricted to addressee, on an authorized service agent. 12 O.S.1991 § 2004(C)(1)(c)(3) and (C)(2)(c). There is no provision for service on a lawyer. It has been held that "in matters pertaining to tax sales, the statutes prescribing the manner of service of notice of application for tax deeds and the issuance of tax deeds thereunder are mandatory and not directory." *Martin v. Bastion,* 1967 OK 25, 424 P.2d 1, 3.[2]

¶5 Wells Fargo urges the court to extend the statutorily mandated procedures for service because due process requires such an extension. It claims that Selby was aware of the foreclosure or action and therefore knew that Wells Fargo had a lawyer in Oklahoma, and that failing to serve the Notice for Application for Tax Deed on that lawyer deprived Wells Fargo of the opportunity to redeem during the two year redemption period. "Notice is a jurisdictional requirement and a *sine qua non* element of due process. The latter notion requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *Shamblin v. Beasley,* 1998 OK 88, 967 P.2d 1200, 1209. In the case at bar, the statutory method for service of process was followed. There is no dispute but that Wells Fargo received the notice from its service agent. Wells Fargo did not inform any of its Oklahoma attorneys of the application for tax deed nor did it do anything to redeem the certificates before the redemption period passed. The fault is theirs.[3]

¶6 In effect, Wells Fargo asks the court to amend the statute to require service of the notice for application of tax deed on any known lawyer for a mortgagee (and presumably owners and persons in possession). It argues that due process would require service of the notice on a known Wells Fargo attorney, even when that service would not have complied with the statutory service requirements. Due process requires notice which was accomplished by service on Wells Fargo's appointed service agent. Once mini-

---

1. Wells Fargo agreed that its complaint about attorney fees being awarded in favor of Selby and the Oklahoma Insurance Commissioner was premature.

2. Wells Fargo also states that equity should have required Selby to serve the lawyer in the foreclosure suit. However, when the statutory scheme has been strictly adhered, fairness is assured and equity does not need to interfere in the interest of justice. Further, because personal service was obtained, the "due diligence" standard applicable to publication notice is not a relevant inquiry.

3. We also note that Tulsa County filed an answer in the foreclosure action July 30, 1997. The answer referenced various tax certificates and put Wells Fargo on notice of their existence. Investigation of the certificates would have informed Wells Fargo of the redemption period which had not yet expired when the County's Answer was filed.

mum due process requirements are met, this court may not legislate service requirements.

### Lis Pendens

█ ¶ 7 After the Yorks failed to pay the ad valorem taxes for 1994, the Tulsa County Treasurer sold the tax certificate on that property to Selby in October 1995. The Yorks defaulted on their mortgage in 1996, and Wells Fargo filed a foreclosure action July 14, 1997. Sometime prior to January 23, 1998, Wells Fargo filed a *lis pendens* pertaining to the property in the foreclosure action. On January 22, 1998, Selby served Notice of Application for Tax Deed and applied for the tax deed on January 23, 1998. Selby received the tax deed on March 30, 1998. Wells Fargo amended its petition in the foreclosure action to add Selby as a defendant on June 15, 1998.[4]

¶ 8 The common law doctrine of *lis pendens* is codified at 12 O.S.1991 § 2004.2 and states in part:

A. Upon the filing of a petition, the action is pending so as to charge third persons with notice of its pendency. While an action is pending, no third person *shall acquire an interest* in the subject matter of the suit as against the prevailing party's title; . . . .

\* \* \*

B. Except as to mechanics and materialman lien claimants, *any interest in real property* which is the subject matter of an action pending in any state or federal court, *acquired or purported to be acquired subsequent to the filing of a notice* of pendency of action as provided in subsection A of this section, or acquired or purported to be acquired prior to but filed or perfected after the filing of such notice of pendency of action, shall be void as

against the prevailing party or parties to such action.

¶ 9 A tax certificate operates as a lien on real property. "Taxes upon real property are hereby made a lien for seven (7) years from the date upon which such tax became due and payable." 68 O.S.1991 § 3101. If there are no bidders on the property, the county in which the property lies is authorized to bid off the real property for the amount of taxes due, plus penalties and other costs due, thereby acquiring the legal and equitable interests any other purchaser would have acquired. 68 O.S. Supp.1992 § 3108. A person may buy the county's interest by purchasing a certificate from the county by paying the amount of all the taxes, penalties, interest, and costs of sale and transfer up to the date of the purchase of the certificate. Upon the purchase of the tax certificate, the county transfers its rights and interests in the real property. 68 O.S. Supp. 1992 3108. Owners of real property sold for taxes, or anyone who has a legal or equitable interest in the property, may redeem the property from the lien resulting from tax sale "at any time before the execution of a deed of conveyance therefor by the county treasurer, by paying to the county treasurer, if the tax sale certificate is held by an individual purchaser, the sum paid to the county for such certificate . . . ." 68 O.S. Supp.1992 § 3113.

¶ 10 There is a two year redemption period. 68 O.S. Supp.1992 § 3118. If no one redeems during that period, upon production of the tax certificate, the county treasurer "shall execute to the purchaser, his heirs or assigns, a deed shall vest in the grantee an absolute estate in fee simple in said lands . . . ." Before issuance of the deed, the certificate holder must give notice of his ap-

---

4. The chronology of events:
01–28–88–Yorks execute mortgage in favor of Wells Fargo; contract requires them to pay ad valorem taxes
1994–Yorks fail to pay ad valorem taxes
10–02–95–Tulsa County sells tax certificate to Selby
1996–Yorks default on mortgage
02–17–97–Tulsa County Treasurer assigns lien for ad valorem taxes
07–14–97–Wells Fargo sues to foreclose mortgage
01–22–98–Selby serves notice of application for tax deed on Wells Fargo's service agent
Sometime prior to 01–23–98–Wells Fargo files *lis pendens*
01–23–98–Selby applies for tax deed
03–30–98–Selby receives tax deed
06–15–98–Wells Fargo amends petition in foreclosure action to add Selby as party defendant.

plication for deed to the owner or any mortgagee of record. 68 O.S. Supp.1992 § 3118.

¶ 11 A tax certificate is a statutorily created lien on real property. Unlike other liens, however, the holder is not required to go through a foreclosure proceeding. Instead, the certificate holder, if his interest is not extinguished through redemption, has an interest which may ripen into ownership through tax deed, upon proper application and notice. Because the tax certificate is an interest in real property, and because it was acquired before Wells Fargo instituted its lawsuit and before the filing of the *lis pendens*, the *lis pendens* could not operate to halt the progress of the procurance of the property through the tax deed procedure.

¶ 12 "Lis pendens statutes are designed to provide a better form of notice to those interested in the property in litigation. They seek to do this without conferring any additional substantive rights." *White v. Wensauer*, 1985 OK 26, 702 P.2d 15, 18. "The doctrine does not impress the affected property with a lien but rather operates to bind third parties with notice that any interest they may acquire in the property pending litigation will be subject to the outcome of the action." *Id.*

¶ 13 *Lis pendens* could not bar Selby from receiving his tax deed because he had an interest in the property before the foreclosure suit and *lis pendens* were filed. "... [U]nder the doctrine of *lis pendens* a person who acquires an interest in the subject matter of litigation from a party defendant therein **subsequent** to the institution of the action ... is usually bound by a judgment subsequently rendered in such action." *Thompson v. General Outdoor Advertising Co., Inc.*, 1944 OK 195, 151 P.2d 379, syllabus by the court ¶ 4 (emphasis added). Wells

Fargo, despite proper notice, failed to exercise its right of redemption. We hold that the doctrine of *lis pendens* does not prevent the issuance of a tax deed following the procedure described in § 3118, when the tax certificate was acquired prior to the filing of the *lis pendens*.[5] According to this unique statutory procedure, only redemption or the failure to give proper notice can prevent the certificate from ripening into a tax deed. For these reasons, we AFFIRM the order of the trial court and remand[6] the matter for further proceedings in accordance with this opinion.

¶ 14 HANSEN, C.J., concurs.

¶ 15 GARRETT, J. dissents.

GARRETT, J., dissenting:

¶ 1 I would reverse the order of the trial court. Specifically, I agree with Appellant, Wells Fargo, in its argument concerning *lis pendens*. Among other considerations, applying *lis pendens* will prevent a forfeiture. Our Supreme Court has repeatedly held that the law abhors a forfeiture.

¶ 2 While Appellees had an interest in the land, to-wit: a tax lien, the majority opinion allows them to acquire a new interest [title and ownership] contrary to the common law and statutory doctrine of *lis pendens*. A lien is a far cry from title and ownership.

¶ 3 I respectfully dissent.

---

**5.** Our conclusion is buttressed by the language of § 3118. While the purchaser of a tax certificate is said to have a "lien on the land for the delinquent taxes" (12 O.S.1991 § 3111), and the owner "may redeem the same from the lien resulting from the tax sale" (12 O.S.1991 § 3113), the interest is something more than an ordinary lien which normally must be foreclosed through a judicial process. Section 3118 says that the notice of application for tax deed, which must be served on owners, possessors, and mortgagees,

"shall recite the sale of the said lands, specifying the date of such sale and notifying such person[s] that unless redemption is made from such sale within sixty (60) days after the date of service of such notice, a tax deed will be demanded and *will issue* as provided by law."

**6.** The trial court certified the case for immediate appeal pursuant to 12 O.S. Supp.1995 § 994.