2006 OK CIV APP 111

**David CLARK and Jo Ann Clark, Trustees of the David Clark and Jo Ann Clark Revocable Trust Dated the 25th Day of September, 2003, Plaintiffs/Appellants,**

v.

**Bruno Marco FRAGOMENI and Jane Doe, his spouse, if married, and Occupants of the Premises, Defendants/Appellees.**

**No. 103,291.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 8, 2006.

evidence of the thirty-nine marihuana plants

Stephen J. Scherer, Muskogee, OK, for Plaintiffs/Appellants.

Jerry D. Lundy, The Lundy Law Firm, PLLC, Tulsa, OK, for Defendants/Appellees.

found on Kemp's property.

Opinion by DOUG GABBARD II, Presiding Judge.

¶ 1 Plaintiffs, David Clark and Jo Ann Clark, as Trustees of The David Clark and Jo Ann Clark Revocable Trust Dated the 25th Day of September, 2003, appeal an order of summary judgment granted in favor of Defendant, Bruno Marco Fragomeni. For the following reasons, we affirm as modified and remand with directions.

## FACTS

¶ 2 This case involves a dispute over ownership of a vacant lot in the Rolling Hills Addition to the City of Muskogee, Oklahoma. The lot was originally owned by Amber Wilola Swinford (Swinford).

¶ 3 Plaintiffs claim an interest in the property by virtue of a Sheriff's Deed arising out of a foreclosure suit. In January 2004, U.S. Bank National Association (Bank) filed suit against Swinford to foreclose a recorded mortgage it held on the property. Bank filed a *lis pendens* notice in the Muskogee County Clerk's office on January 30, 2004.[1] Bank eventually obtained a decree of foreclosure on March 11, 2004, and sold the lot to Plaintiffs by Sheriff's Deed dated May 27, 2004. Bank failed to name either the Muskogee County Treasurer or Defendant, who is a resident of Ontario, Canada,[2] as parties to the foreclosure suit, or to give them notice of either the suit or sheriff's sale, despite the fact that ad valorem taxes had not been paid by Swinford and Defendant possessed a tax certificate. However, the petition, journal entry of foreclosure, and notice of sheriff's sale all noted that foreclosure and sale were subject to ad valorem taxes.

¶ 4 Defendant claims an interest in the property as a result of a Tax Deed. Swinford failed to pay the ad valorem taxes on her property and the County purchased a tax certificate on October 1, 2001. Defendant purchased the tax certificate from the County on May 20, 2003. A Certificate Tax Deed was issued to Defendant on April 27, 2004, and filed of record on April 29, 2004. A Notice of Application for Tax Deed regarding the property was filed on April 29, 2004, but Bank was not given notice.

¶ 5 Plaintiffs filed the present action to quiet title against Defendant on July 1, 2005. Defendant filed an answer and also counterclaimed seeking to quiet title in himself based on the Tax Deed, but also alleging adverse possession. Subsequently, Defendant filed a motion for summary judgment, which the trial court ultimately granted, and quieted title in Defendant. Plaintiffs now appeal.

## STANDARD OF REVIEW

¶ 6 Summary judgment is used to reach a final judgment where there is no dispute as to any material fact, *Indiana Nat'l Bank v. Dep't of Human Servs.*, 1993 OK 101, ¶ 10, 857 P.2d 53, 59, and where one party is entitled to judgment as a matter of law, *Sellers v. Okla. Pub. Co.*, 1984 OK 11, ¶ 23, 687 P.2d 116, 120. We review a grant of summary judgment *de novo. Young v. Macy*, 2001 OK 4, ¶ 9, 21 P.3d 44, 47. "In a *de novo* review, we have plenary, independent, and non-deferential authority to determine whether the trial court erred in its application of the law." *Id.*

## ANALYSIS

¶ 7 In Plaintiffs' response to Defendant's motion for summary judgment, they first argue that Defendant was "estopped" from obtaining title to the property by virtue of the *lis pendens* statute. They cite 12 O.S.2001 § 2004.2(A), which provides, in pertinent part:

> While an action is pending, *no third person shall acquire an interest in the subject matter of the suit* as against the prevailing party's title, except that:

---

1. The *lis pendens* notice filed in the case indicates that the mortgage was filed of record in the Office of the Muskogee County Clerk at Book 2554, Page 48. Neither party disputes that this mortgage was properly filed and recorded.

2. Under Oklahoma law, a nonresident alien who purchases property pursuant to a legal proceeding foreclosing a lien in his or her favor may hold title for a period of five years before divestiture or escheat. *See* 60 O.S.2001 §§ 121 through 124.

1. As to actions ... involving real property, such notice shall be effective from and after the time that a notice of pendency of action ... is filed of record in the office of the county clerk of the county wherein the land is situated. (Emphasis added).

The statute also provides that any interest in real property acquired after a *lis pendens* notice is filed "shall be void as against the prevailing party or parties to such action."

¶ 8 Plaintiff's argument has previously been addressed by this Court. In *Wells Fargo Credit Corp. v. Selby,* 2001 OK CIV APP 78, 26 P.3d 774, a mortgage company filed a foreclosure suit and *lis pendens* notice three months before a tax deed was issued. Another division of this Court found that the *lis pendens* did *not* prevent the later issuance of a tax deed:

> We hold that the doctrine of *lis pendens* does not prevent the issuance of a tax deed following the procedure described in [68 O.S. Supp.1992] § 3118, when the tax certificate was acquired prior to the filing of the *lis pendens.* According to this unique statutory procedure, only redemption or the failure to give proper notice can prevent the certificate from ripening into a tax deed.

*Id.* at ¶ 13, 26 P.3d at 777.

¶ 9 Plaintiffs also argue that a substantial controversy exists which precluded the trial court from granting summary judgment. We disagree.

¶ 10 The tax deed procedure is designed to encourage the payment and collection of ad valorem taxes. When the owner of real property fails to pay ad valorem taxes, any person may purchase a tax certificate to the property by paying the taxes, penalties, interest, and costs of the sale. 68 O.S. Supp. 2005 § 3108. The tax certificate operates as a lien upon the realty. 68 O.S.2001 § 3111. Thereafter, the owner of the property or anyone with a legal or equitable interest therein may redeem the property from the lien "at any time before the execution of a deed of conveyance therefor by the county treasurer, by paying to the county treasurer, if the tax sale certificate is held by an individual purchaser, the sum paid to the county

for such certificate." 68 O.S.2001 § 3113. There is a two-year redemption period, after which the county treasurer "shall execute to the purchaser, or the heirs or assigns of the purchaser ... [a] deed [which] shall vest in the grantee an *absolute* estate in fee simple in the lands ... *and shall extinguish the rights of any mortgagee of record of the lands to whom notice was sent as provided for by law.*" (Emphasis added). 68 O.S. Supp.2005 § 3118.

¶ 11 However, § 3118 specifically requires that notice of an application for tax deed be given to "the owner of the land, if the owner is within the state, upon the person in possession of the land, if same be occupied, and upon all mortgagees and lienholders of record." Indisputably, Bank was a mortgagee of record which did not receive notice of the issuance of the Tax Deed to Defendant.

■ ¶ 12 In *Wells Fargo Credit Corp. v. Ziegler,* 1989 OK 113, 780 P.2d 703, the Oklahoma Supreme Court held that failure to give proper notice of a tax resale to a mortgagee of record rendered the tax deed ineffective to extinguish the mortgage. The Court concluded that since 68 O.S. Supp.1986 § 24331 (now found at 68 O.S.2001 § 3127), provided that "[n]either the failure to send notice to any mortgagee of record of said real estate, nor failure to receive notice as provided by this section shall invalidate the resale ...," the tax deed was valid, but title was taken subject to the mortgage. *Id.* at ¶¶ 7–8, 780 P.2d at 706. Similarly, in the present case, because Bank was not given notice of the tax resale, the Tax Deed failed to extinguish Bank's mortgage and Defendant took title subject to Bank's interest.

■ ¶ 13 A party who buys land at sheriff's sale buys at his peril and takes no better title than that passed by the foreclosure judgment. *See Sanders v. Texas Producing Co.,* 1923 OK 649, 218 P. 807. Plaintiffs, purchasers at the foreclosure sale, could only receive the residuum of title held by Bank. In other words, Plaintiffs received all the estate, right, title, and interest which the judgment creditor Bank had in the mortgage, and nothing else.

¶ 14 For these reasons, we hold that: (1) Defendant holds title to the realty by virtue of the Tax Deed, but this title is subject to the mortgage interest purchased by Plaintiffs by virtue of the Sheriff's Deed; and (2) the trial court's journal entry of judgment, which purports to list as an "undisputed fact" that "Defendant Fragomeni has been in notorious, open, peaceful, continuous, actual, visible, exclusive, hostile, and adverse possession exercising full, legal and equitable control of said real estate;" and which also purports to find "that Defendant Fragomeni and his predecessor in interest ... have been in open, peaceful, continuous, actual, visible, exclusive, hostile and adverse possession ... for a period of more than fifteen (15) years," is erroneous under the record presented, and that such references to Defendant's purported claim of adverse possession should be stricken from the journal entry.

¶ 15 We affirm the trial court's judgment as modified by our findings herein, and remand with directions to the trial court to enter a modified journal entry of judgment consistent with these findings.

## CONCLUSION

¶ 16 Accordingly, the summary judgment order is affirmed as modified herein, and the case is remanded with directions.

¶ 17 AFFIRMED AS MODIFIED AND REMANDED WITH DIRECTIONS.

RAPP, V.C.J., and REIF, J., concur.