## MOULTON v. GARRISON.

No. 8189—Opinion Filed Dec. 11, 1917.

(169 Pac. 896.)

1. **Forcible Entry and Detainer — Possession—Burden of Proof.**

In an action of unlawful detainer of real property, the burden is upon the plaintiff to prove that the defendant was in possession of the property at the time of the bringing of such action.

2. **Landlord and Tenant — Rent—Payment —Burden of Proof.**

Under section 3819, Revised Laws 1910, in the absence of a contract or usage to the contrary, the rent of real property under a month to month tenure is payable at the termination of each month, and the burden is upon the plaintiff in an action of unlawful detainer, who seeks to charge the defendant with the duty of paying the same in advance, to prove either a contract or usage to such effect.

3. **Same—Increase of Rent — Termination of Tenancy—Notice.**

A tenant holding real property under a month to month rental contract is entitled to written notice of 30 days of the intention of the landlord to increase the rent or terminate the tenancy.

(Syllabus by Stewart, C.)

Error from County Court, Oklahoma County; William H. Zwick, Judge.

Action of unlawful detainer by Emilie A. Garrison against E. R. Moulton. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

E. E. Gibbens, for plaintiff in error.

Jas. R. Lewis, for defendant in error.

Opinion by STEWART, C. The plaintiff, Emilie A. Garrison, brought action for unlawful detainer against the defendant, E. R. Moulton. In September, 1914, the plaintiff owned a small residence and lots in an outlying district of Oklahoma City, which, for want of a tenant, had been vacant for some time. Through an agent, plaintiff rented the

property to the defendant at $8 per month. The evidence does not show any specific time for which the property was rented, though plaintiff testifies that she told her agent to rent it from month to month. There is also evidence to show that in the spring of 1915, while the defendant was occupying the property, the plaintiff encouraged the defendant to plant a garden on the lots and other lots adjacent, the defendant being thereby led to believe that his possession of the property would continue under the contract made for the year 1915. Either before or after April 10, 1915, the plaintiff demanded rent to begin May 10, 1915, at $12 per month. The testimony is vague and uncertain as to the exact time of such demand. The plaintiff testifies that it was made before April 10th, but does not fix any specific date. The defendant's witnesses testify that it was made shortly after April 10th. No written notice of a demand for increased rent was introduced in evidence except a notice served on the defendant on May 11, 1915, such notice being to the effect that defendant must pay $12 per month for the rent from May 10, 1915, to June 9, 1915, or surrender possession. On May 18, 1915, defendant was served with written notice to quit the premises and that, in event of failure to do so, action would be brought for possession. Complaint was filed May 22, 1915, and judgment in the justice court was rendered against the defendant, from which appeal was had to the county court. The defendant filed no written plea to the complaint. After the introduction of plaintiff's testimony in the county court, the defendant demurred to the evidence; the demurrer being overruled. Testimony was then introduced in behalf of the defendant. Thereafter verdict was returned and judgment rendered against the defendant for the restitution of the property, from which judgment the defendant duly appeals by petition in error and case-made.

There was evidence elicited by the plaintiff that the possession was surrendered which is not disputed by any other testimony or admissions shown in the case-made. The exact time of such surrender of possession does not appear. There is no evidence in the record to prove that the defendant was in possession at the time the action was brought or at any time thereafter, and no evidence as to any contract to pay the rent in advance or any usage in such respect. Section 3819, Revised Laws 1910, reads:

"When there is no contract or usage to the contrary, the rent of agricultural and wild land is payable yearly at the end of each year. Rents of lodgings are payable monthly at the end of each month. Other rents are payable quarterly at the end of each quarter from the time the hiring takes effect. The rent for a shorter period than the periods herein specified is payable at the termination of such period."

It is agreed that the rent was paid up to May 10, 1915, and, there being no evidence of a contract or usage to the contrary, it must be presumed that, if the defendant, as contended by the plaintiff, only had a month to month contract, the rent for the month beginning May 10th was not due till the expiration of the month. The action in this case was brought because of alleged default in the payment of the rent, and was therefore prematurely commenced.

The plaintiff also failed to meet the burden of proving possession by the defendant at the time of bringing the action. There is no other testimony or any admission of the defendant to cure this fatal failure, and we cannot supply the same.

Under the evidence before us as to the acts of the plaintiff in leading the defendant to believe that he could hold the property under the existing tenure for sufficient time to realize from the garden planted, it is doubtful whether the plaintiff had the right to raise the rent until the expiration of such time. And it may be further added that, even if the defendant had only a month to month contract, he was entitled to written notice of 30 days of the plaintiff's intention to raise the rent or terminate the tenancy. There was, as before stated, no such written notice introduced. The evidence, if any, that such was given is very slight and unsatisfactory; most of it being also incompetent. There was no attempt to prove the contents of any such written notice. We are only guided by the record, and, on the whole, the justice of plaintiff's case does not appeal to us.

But, assuming that the evidence raises an issue of fact as to the term of the tenancy and also as to the required notice, we must hold that the failure of the plaintiff to prove that the defendant was in possession at the time of bringing the action as well as the failure to establish that defendant was in arrears for rent must work a reversal of this cause, in view of the fact that the sufficiency of the evidence was challenged in the trial court, and is duly presented for our consideration.

The cause is reversed and rendered.

By the Court: It is so ordered.