868; 31 L. R. A. (N. S.) 783; 34 L. R. A. (N. S.) 737; 24 R. C. L. p. 187; 3 R. C. L. Supp. p. 1364; 4 R. C. L. Supp. p. 1531; 5 R. C. L. Supp. p.1276 . (2) 35 Cyc. p. 434. (3) 4 C. J. p. 1129, §3122.

## LINDSEY v. HAMIL et al.

No. 17278—Opinion Filed Oct. 12, 1926.

**Landlord and Tenant—Tenant at Will—Statutory Notice by Tenant to Terminate Tenancy.**

·A tenant holding real property under a month to month rental contract is required by section 7344, C. O. S. 1921, to give the same notice as thereby required from a landlord, in order to terminate the tenancy.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from Common Pleas Court, Tulsa County; Gerald F. O'Brien, Judge.

Action by Stella May Hamil and Alice D. Jones against N. A. Lindsey. Judgment for plaintiffs, and defendant appeals.. Affirmed.

John Rogers, for plaintiff in error.

Chas. L. Yancey, Henry L. Fist, and W. Y. Mauzy, for defendants in error.

Opinion by ESTES, C. Defendants in error Stella May Hamil and Alice D. Jones had judgment in the common pleas court of Tulsa county against N. A. Lindsey, plaintiff in error, for $65 for house rent for the month of July, 1925. Parties will be referred to as they appeared in the trial court. The facts are undisputed. Defendant was a tenant at will of plaintiffs, having paid them rent monthly to July 1, 1925, for nearly two years on an apartment. On June 12, 1925, defendant claims he notified plaintiffs, through their agent, that he would vacate the apartment on July 1st. At no time did he give a written notice to terminate the tenancy, and claims only to have given such oral notice of about 18 days. Defendant does not claim that plaintiffs waived the written notice in any manner except under some printed rules which were posted by plaintiffs in the apartment. These rules provide: "Should you desire to vacate, we require 30 days' notice from date your rent is due." The only assignments of error are under the proposition that the said verbal notice was a substantial compliance with the statutes and that plaintiffs, by said rules, waived statutory written notice.

Section 7344, C. O. S. 1921, provides:

"Thirty days' notice in writing is necessary to be given by either party before he can terminate a tenancy at will, or from one period to another, of three months or less," etc.

The manifest intention and purpose of said statute are clearly shown by the language employed. A tenancy existed at will or from month to month. Under the statute either party could terminate such tenancy by said written notice. We held in Moulton v. Garrison, 66 Okla. 327, 169 Pac. 896, that a tenant holding real property under month to month rental contract is entitled to written notice of 30 days, of the intention of the landlord to increase the rent or terminate the tenancy. Manifestly, in order for a tenant to terminate tenancy by notice he also is required to comply with said statute. Whether a different notice or rule for terminating tenancy should be applied to a tenant than that applied to a landlord, is a matter of legislative policy. Under our triune system of government, the Legislature having provided by statute, plain and unambiguous, and therefore not subject to judicial construction, that a tenant shall terminate the tenancy by the same written notice provided for the landlord, this court, under the undisputed facts, cannot relieve defendant from complying with said statute, without impinging upon the legislative function. Clearly, an 18 days' verbal notice in this case is not a substantial compliance with the statute. It is also manifest that plaintiffs did not waive the written notice by a rule which simply reiterates the statute as to the notice. Whether plaintiffs, by said rules, could waive the statutory provision for the 30 days' notice to be in writing, or waive it at all by such rules, is not before us, for that the oral notice was for only 18 days. Nor is it contended that the plaintiffs were able to let said apartment for said month of July. Clearly, the tenancy was not terminated on July 1st.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See 35 C. J. p. 1116, §327; p. 1117, §328; 16 R. C. L. pp. 1172, 1173.