Mabel Bradley GROVER and Mida E. Bradley, Plaintiffs in Error,

v.

Ruby LOCKE, Defendant in Error.

No. 36018.

Supreme Court of Oklahoma.

Jan. 18, 1955.

320

Upon the trial of the cause the court rendered judgment in favor of plaintiff quieting her title to the lands and mineral interests as against these appellant defendants, and subsequently overruled their motion for a new trial resulting in this appeal.

For reversal defendants, after tender of all taxes, costs, penalties, and interests and in accord with their answer, cross-petition and the proof in the case present error under four separate contentions:

1. That the tax deed is void because of the failure of the plaintiff to mail to the defendants notice of her application for the tax deed, when she well knew, or should have known, the addresses of these defendants.

2. That the plaintiff was guilty of collusion with her brother, Floyd Davis, the owner of the lands, to deprive these defendants of their mineral interests in the lands.

3. The proceedings had by the plaintiff for acquiring the tax deed are either void or irregular and insufficient in law and may be attacked even if only irregular, because the tax deed had not been executed and recorded more than one year before being attacked by these defendants.

4. That the tax deed is void because it is not in manner and form as required by law.

Wise & Ivester, Sayre, for plaintiffs in error.

Rizley & Wilson, Sayre, for defendant in error.

JOHNSON, Chief Justice.

The parties herein occupy reverse relative positions on appeal and they will be referred to hereafter as they appeared in the trial court.

Plaintiff, Ruby Locke, brought an action in Beckham County, Oklahoma, against Mabel Bradley Grover and Mida E. Bradley, and other defendants, to quiet her title to a 160 acre tract of land located therein, which she allegedly deraigned from a tax sale certificate deed.

The evidence discloses that defendant, Mabel Bradley Grover, owned the land involved in this action in the year 1943 and in that year she sold and deeded the land to Floyd Davis, who is a brother of the plaintiff, Ruby Locke. As part of the sale transaction, Floyd Davis deeded back to her a one-fourth undivided interest in the minerals and a one-fourth undivided interest in the minerals to her sister, Mida E. Bradley. Floyd Davis went into possession of the lands and continued to occupy them and pay the taxes thereon up until the year 1948 and thereafter placed his son-in-law, Clyde Hall, Jr., and his brother, R. W. Davis, in possession as tenants and they occupied the land until the close of the year 1951.

In December 1948, the plaintiff ascertained the post office address of the defendant, Mida E. Bradley, which was at the time, Leon, Iowa, and she carried on a correspondence with her in an effort to purchase her mineral interests in the lands. In this correspondence, plaintiff procured from Mida E. Bradley the address of Mabel Bradley Grover and wrote her a letter attempting to buy her mineral interests in the lands. The first letter written was dated December 3, 1948, in which she acknowledges a letter from Miss Bradley and stated that she had not heard from her sister, Mabel Bradley Grover and asked Miss Bradley to give her Mrs. Grover's correct address. Plaintiff wrote Miss Bradley a third letter dated December 21, 1948, in which she wrote that she had written to Mrs. Grover at the address that Miss Bradley had given her and in this letter offers Miss Bradley $100 for her one-fourth undivided mineral interest and indicated that she had made the same offer to Mrs. Grover. On January 8, 1949, the plaintiff wrote Miss Bradley another letter in which she wrote: "You asked me to let you know if I heard from your sister. She never answered my letter although I have received the return card from the registered letter I sent as you asked me to do."

In addition to these letters the plaintiff sent Miss Bradley a Christmas Card in 1948.

The evidence further discloses that neither of the defendants, Miss Bradley or Mrs. Grover, had any notice or knowledge at any time that Floyd Davis was failing to pay the taxes on the lands or that the taxes were delinquent and had no notice or knowledge of any kind of the proceedings of plaintiff to secure tax certificate deed. The first knowledge that either of the defendants had of the delinquency of the taxes or that plaintiff had acquired such deed to the property was in April 1952, when Mida E. Bradley received a communication from an attorney advising her that the property had been sold for taxes and this suit had been commenced by plaintiff to quiet her tax certificate deed title to the lands. The evidence also shows by stipulation that Clyde Hall, Jr., who was a son-in-law of Floyd Davis, got from Floyd Davis in April, 1951, the correct address of Mrs. Grover and wrote to her regarding the purchase from her of her mineral interests in the land. This letter was received by Mrs. Grover and she mailed it to her sister, Miss Bradley.

The plaintiff commenced her proceedings to secure her tax deed by notice dated November 17, 1951. One copy of which was served on Floyd Davis and his wife at Granite, Oklahoma, by the sheriff of Greer County, Oklahoma, and a second copy of the notice was served on plaintiff's brother, R. W. Davis, as occupant of the lands by the sheriff of Beckham County, Oklahoma. Neither of these notices, of course, was served on either of the defendants, as Miss Bradley was living in Iowa, and Mrs. Grover in Massachusetts. Thereafter, on November 21, 1951, the plaintiff signed a notice by publication directed to Mabel Bradley Grover and Mida E. Bradley and others, and this same day (Nov. 21, 1951) her attorney filed an affidavit to the effect that the residences or places of business of Miss Bradley and Mrs. Grover were unknown to the certificate holder or the attorney and could not be ascertained by any means within the control of the certificate holder or the attorney and for that reason were unable to mail a copy of the notice to Miss Bradley or Mrs. Grover.

The plaintiff in her testimony testified that she had forgotten the address of Miss Bradley and Mrs. Grover. That she looked around her house, but could not find any of the correspondence that she had had with Miss Bradley. She made no other effort to learn the addresses of the defendants, Miss Bradley and Mrs. Grover. She further testified that she did not inquire of defendants' addresses of her brother, Floyd Davis, who owned the surface rights and half of the undivided mineral interests of the farm, which he had previously purchased from Mrs. Grover and from whom Clyde Hall, Jr., his son-in-law and one of the occupants of the farm, admittedly had in April of 1951, a

short time before plaintiff made application for a tax sale certificate deed by notice by publication, obtained the address of Mrs. Grover and wrote her relative to purchasing her mineral interests in the farm, because he was "mad" with her for buying the tax certificate on his land.

■ The decisive question of law germane to the issues is did the plaintiff, as the holder of the certificate of purchase issued at tax sale of the real estate involved exercise due diligence in trying to locate the whereabouts, residence or business addresses of the defendants, record holders, before notice of service by publication of application for tax certificate deed. This question was by reason of the trial court's judgment answered in the affirmative, and unless against the clear weight of the evidence, or contrary to law, the judgment of the trial court will be affirmed.

The plaintiff's letters to appellant defendants indicated that plaintiff was trying to acquire their mineral interests for the benefit of her brother, Floyd Davis, so that she could make him a $1000 loan on the land. When she was thus unable to acquire the defendants' mineral interests, her brother, without notifying defendants of the delinquent taxes, allowed the lands to be sold for the 1948 taxes, which taxes were in the amount of $33.50, a total (including the cost of sale) of $37.84. Plaintiff purchased the tax sale certificate on the land and paid taxes for the following years, 1949, $33.78; 1950, $34.94; 1951, $32.14, which payments she had endorsed on the certificate.

The mineral values in the land, according to plaintiff's offer to defendants was $400 and plaintiff's estimate of the loan value on the farm was $1000, but nothwithstanding that her brother, Floyd Davis, though notified of his sister's application for a tax certificate deed on his land, did nothing toward redeeming the farm from the sale.

■ Plaintiff's conduct (and the evidence) conclusively shows bad faith and the lack of reasonable (due) diligence required under 68 O.S.1951 § 451, to ascertain the whereabouts of the defendants, record owners. Such conduct is tantamount to fraud and is sufficient to vitiate the proceedings leading up to the issuance of the certificate tax deed and the deed itself, and the holding of the Court that the certificate tax deed was valid is clearly against the weight of the evidence. Faulkner v. Kirkes, Okl., 276 P.2d 264, and cited cases. See also Milroy v. McFerran, Okl., 270 P.2d 329, and cases therein.

■ In the Faulkner v. Kirkes case, supra, third syllabus [276 P.2d 265], we said:

"Service by publication, though necessary in some instances, is a substitute form of service. The affidavit required by statute, 68 O.S.1951 § 451, being mandatory and jurisdictional, must be made in good faith and the one obtaining publication service must make an honest effort to get the information indicated by the affidavit. Where the weight of the evidence shows that the one obtaining service by publication did not make a sincere and diligent effort to obtain the information required but on the contrary avoided obtaining knowledge which would permit the mailing of the notice such person is guilty of legal fraud. A certificate tax deed based on service by publication had under such circumstances is void and will be vacated."

The cause is reversed with directions to vacate the judgment theretofore rendered in the quiet title action, cancel and set aside the certificate tax deed, and to quiet title to the mineral deeds in Mabel Bradley Grover and Mida E. Bradley upon their payment into Court of the taxes, penalties, and interests due on the land.

WILLIAMS, V. C. J., and CORN, DAVISON, ARNOLD, HALLEY, BLACKBIRD and JACKSON, JJ., concur.