**N. J. JONES, Plaintiff in Error,**

v.

**Janett BUFORD, formerly Janett P. Wess, one and the same as Mrs. J. B. Buford, Defendant in Error.**

**No. 38963.**

Supreme Court of Oklahoma.

Jan. 31, 1961.

See also, 336 P.2d 911.

C. D. Lewis, Okmulgee, for plaintiff in error.

Boatman, Pugsley & Boatman, Okmulgee, for defendant in error.

BERRY, Justice.

The parties will be referred to as they appeared in the trial court which is in reverse order to their appearance here.

This action involves the validity of a tax deed issued to defendant covering the following described real estate lying in Okmulgee County, Oklahoma:

"E/2 of W/2 of Lot 7, Block 35, Original Town of Okmulgee, Oklahoma."

This is the second appeal in this case. In the first appeal which is reported in 336 P.2d 911, the action of the trial court in rendering judgment on the pleadings in favor of plaintiff was reversed and the cause was remanded for further proceedings. Following remand of the case, a trial was had to the court which resulted in judgment in favor of plaintiff canceling the tax deed in controversy and awarding her a nominal amount as rentals collected by defendant on the property while he was in possession of same under the tax deed. From order of the trial court denying defendant's motion for new trial, he perfected this appeal.

The plaintiff contends that in obtaining this tax deed, there was a failure to comply with the provisions of 68 O.S.1951 § 451, in that (1) no proper notice was given plaintiff relative to application for the tax deed; that (2) the affidavit for service by publication was false and untrue; that (3) no affidavit of mailing and notice as published was ever filed as a part of the record in the proceedings to obtain the tax deed; and (4) there was no affidavit of non-mailing as required by applicable statute.

Defendant contends that the provisions of the applicable statutes were complied with and that for said reason the tax deed is valid; that the trial court erred in striking pleadings and evidence that had for their purpose the matter of establishing defendant's claim for improvements placed upon the property during the time that he rented same.

At the time of making the affidavit to obtain service by publication in the proceedings to obtain the tax deed, the defendant knew plaintiff's address. It was nevertheless recited in the affidavit that the "holder of said tax certificate does not know, and with due diligence is unable to ascertain the residence or place of business of the owners."

The fact that the affidavit was made by defendant's agent does not serve to render the affidavit valid. The agent was under a duty to exercise diligence to discover the address of plaintiff. The agent knew that defendant had rented the property for a long period of time. If the agent had exercised due diligence he would have learned the address from defendant, or assuming that he made inquiry of defendant and defendant advised him that he did not know plaintiff's address, then the defendant would be guilty of fraud. In either event, the affidavit under the facts of this case was wholly insufficient.

In the first paragraph of the syllabus to Grover et al. v. Locke, Okl., 279 P.2d 319, 320, this was said:

"Service by publication, though necessary in some instances, is a substitute form of service. The affidavit required by statute (68 O.S.1951, § 451) being mandatory and jurisdictional, must be made in good faith and the one obtaining publication service must make an honest effort to get the information indicated by the affidavit. Where the weight of the evidence shows that the one obtaining service by publication did not make a sincere and diligent effort to obtain the information required but on the contrary avoided obtaining knowledge which would permit the mailing of the notice such person is guilty of legal fraud. A certificate tax deed based on service by publication * * * is void and will be vacated."

See also Robinson v. Rockett et al., Okl., 275 P.2d 712.

The defendant contends that plaintiff had actual notice of the sale and for said reason the fact that he may have

failed to serve notice on plaintiff as contemplated by Sec. 451, supra, does not void the sale. In Ward et al. v. O'Neal et al., Okl., 351 P.2d 729, it was held that the provisions of statutes prescribing notice in cases such as the instant case are mandatory and not directory. We held further in substance in Gregg v. Leach et al., 145 Okl. 126, 292 P. 58, that the fact that the owner had actual knowledge of a proceeding to obtain a tax deed does not relieve the person seeking the deed from complying with the applicable statutes relating to notice.

It appears that plaintiff was the beneficial owner of the property, title to which was held in trust by two of her sons. The plaintiff and her sons were non-residents. The defendant contends that it is not shown that defendant or his agent who made the affidavit knew the addresses of the sons and for said reasons the affidavit should not be considered as insufficient. We are unable to agree.

We are of the opinion that under the facts plaintiff must be considered as the owner of the property within the purview of Sec. 451, supra, and as such it was incumbent upon defendant to properly obtain service of notice upon her in the proceedings to obtain the tax deed. We note that in the affidavit plaintiff was named as one of the owners of the property and that defendant considered plaintiff the owner of the property by remitting rentals to and by seeking to purchase the property from her.

In view of the fact that we are of the opinion that under the facts of this case the trial court was justified in setting aside the tax deed, we will not consider other contentions made by plaintiff relative to the invalidity of the tax sale.

We are of the opinion that under the facts of this case, the trial court did not err in striking the pleading and evidence bearing upon defendant's claim for the cost of improvements made upon the property. Defendant does not contend that plaintiff agreed to reimburse him for the costs of the improvements. His claim appears to be based upon the proposition that since he acquired a tax deed to the property he is entitled to recover costs of improvements made during the period that he was plaintiff's tenant. The pleadings and proof fail to show a valid claim under the so-called occupying claimant statutes, 12 O.S.1951, § 1481 et seq.

Affirmed.