2005 OK CIV APP 107

**Bruce M. HOLT and Janice M. Holt, Plaintiff/Appellees,**

v.

**Verleria BAKER, a/k/a Verleria Grant, and Dennis Grant, Defendant/Appellants,**

and

**Union Planters Bank, N.A., United States of America, ex rel. Internal Revenue Service, Board of County Commissioners of Oklahoma County, Oklahoma, Forrest "Butch" Freeman, County Treasurer of Oklahoma County, Oklahoma, Defendants.**

No. 102,140.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 16, 2005.

Maxine Brown Cunnyngham, Oliver Saul Reid, Lamun, Mock, Cunnyngham & Davis, Oklahoma City, OK, for Plaintiffs/Appellees.

Robert T. Keel, Oklahoma City, OK, for Defendants/Appellants.

Opinion by CAROL M. HANSEN, Judge.

¶1 Defendant/Appellants, Verleria Grant[1] and Dennis Grant (collectively Owner), seek review of the trial court's order granting summary judgment in favor of Plaintiff/Appellees, Bruce M. Holt and Janice M. Holt (collectively Holder), in Holder's action to quiet title to property obtained by tax deed. We reverse and remand because Holder failed to establish he gave Owner the notice required by statute for Holder to become entitled to a tax deed.

¶2 Owner was the record owner of the subject real property, a single family home in Oklahoma City. Holder sued Owner and sev-

eral lien holders to quiet title to the property, alleging he acquired title to the property by tax deed. Owner answered and counterclaimed to quiet title, alleging Holder's claim was based on a void tax sale deed. She also counterclaimed for sham legal process and punitive damages.

¶3 Holder moved for summary judgment, asserting he acquired the tax sale certificate to the property by assignment from JoDean Steel Aguirre (Assignor). Holder asserted Assignor had satisfied all due process and statutory requirements for obtaining a tax deed, but had assigned the tax sale certificate to him "before acting on her vested rights" to a tax deed. He submitted Assignor's affidavit stating she had sent notice by certified mail to Owner at the property address, but the notice was returned marked "not deliverable, with no forwarding address." Assignor stated she was unable to locate Owner and had served notice by publication. Holder argued no further notice was required after he acquired the tax sale certificate. He also asserted Owner failed to tender the back taxes owed on the property upon pleading her defense, and therefore her defense and counterclaim should be dismissed.

¶4 Owner applied for leave to amend her answer and tendered $2,508.54 by paying it to the court clerk. She responded to the motion for summary judgment, asserting, among other things, that Holder knew where she worked and lived because he had a judgment against her in another matter, having served process in that matter on her at her residence, and had been garnishing her paychecks for the past two years. She argued Holder's tax deed was void because he never attempted actual service on her of his application for a tax deed, even though he knew where to find her.

¶5 The trial court granted summary judgment to Holder, finding Assignor had "satisfied all due process and statutory requirements necessary before being vesting with a right to a Tax Deed," and Assignor had "transferred her right to a tax deed" to Holder. The trial court also found the

---

1. Verleria Baker purchased the subject property as a single woman in 1987. She later married Dennis Grant and changed her name to Verleria Grant.

amount Owner deposited with the court clerk was "insufficient to satisfy all taxes, penalties, interests, and costs" arising from her failure to pay taxes due on the property for the years 2000, 2001, 2002, and 2003, and therefore she had failed to make tender as required by law. Owner moved for reconsideration and submitted additional evidentiary material, including an affidavit Holder had submitted to the county treasurer in support of his application for a tax deed, stating he had notified "all owners ... of record" of his application for a tax deed. The trial court denied her motion. Owner appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct. R. 1.36, 12 O.S.Supp.2003, Ch. 15, App. 1.

¶ 6 Because a grant of summary judgment involves purely legal determinations, we will review the trial court's decision under a de novo standard. *Carmichael v. Beller,* 1996 OK 48, 914 P.2d 1051, 1053. Summary judgment is appropriate only when there is no substantial controversy as to any material fact and one of the parties is entitled to judgment as a matter of law. 12 O.S.Supp. 2002, Ch. 2, App. 1, Rule 13.

¶ 7 The county treasurer may sell real property to pay delinquent taxes that are a lien on the property. 68 O.S.Supp.2003 § 3105. The purchaser is entitled to a certificate in writing describing the land purchased, the sum paid, and the time when the purchaser will be entitled to a tax deed. 68 O.S.2001 § 3111. The certificate is assignable. *Id.* The owner may redeem the property at any time before the execution of a tax deed. 68 O.S.2001 § 3113.

 ¶ 8 The holder of a tax sale certificate becomes entitled to a tax deed under the following conditions:

If no person shall redeem any land on which the tax lien has been sold within two (2) years, at any time after the expiration, thereafter and on production of the certificate of purchase, the county treasurer of the county in which the sale of such land took place shall execute to the purchaser, or the heirs or assigns of the purchaser, a deed for land remaining unredeemed. The deed shall vest in the grantee an absolute estate in fee simple in the lands, subject however, to all claims which the state may have on the lands for taxes or other liens or encumbrances and shall extinguish the rights of any mortgagee of record of the lands to whom notice was sent as provided for by law. However, before any holder of a certificate of purchase issued at any tax sale of real estate shall be entitled to a deed as provided in this section, the holder of a certificate of purchase shall cause a written notice signed by such holder to be served, either by process server, by the sheriff or by restricted certified mail with return receipt requested, upon the owner of the land if the owner is within the state, upon the person in possession of the land, if the same be occupied, and upon all mortgagees and lienholders of record of the land, ... notifying such person that unless redemption is made from such sale within sixty (60) days after the date of the service of such notice, a tax deed will be demanded and will issue as provided by law....

68 O.S.Supp.2002 § 3118(A). Compliance with the requirements of this statute is mandatory. *Wells Fargo Credit Corp. v. Selby,* 2001 OK CIV APP 78, 26 P.3d 774, 776. The court may set aside a tax deed if the certificate holder fails to comply with this section. *Jones v. Buford,* 1961 OK 20, 359 P.2d 232.

 ¶ 9 The record on appeal does not establish that Holder fulfilled the statutory requirements for him to be entitled to a tax deed. Instead, he argues a prior holder fulfilled those requirements, acquired a "vested right" to a tax deed, and transferred that right to him. The statute neither creates such a vested right nor provides for its transferability. Had Assignor obtained a tax deed, she would have been vested with a fee simple estate that she could convey. Because she had not yet acquired the tax deed, the only transferable right she had in the property was the lien represented by the tax sale certificate. Section 3118 provides that **any** holder of the tax sale certificate must give written notice to the owner before that holder becomes entitled to a tax deed. Therefore, notice by one holder cannot serve to entitle another holder to a tax deed. The trial court erred in finding Assignor "trans-

ferred her right to a tax deed" and in granting summary judgment to Holder based on such transfer. Accordingly, the trial court's summary judgment in favor of Holder is reversed.

¶ 10 A person seeking to defeat a tax deed must tender into court "all taxes, penalties, interest and costs, which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale," or the action or defense will be dismissed. 68 O.S. 2001 § 3140. However, when a party makes a tender and the opponent contests the sufficiency of the amount of the tender, the trial court has the duty to determine the amount the attacking party would be bound to pay if he or she was then redeeming the land from tax sale. Until such determination, the attacking party may not be adjudged to have failed to make good tender. If the party promptly pays the adjudicated amount into court, the action may proceed. *Morton v. Van Orsdol*, 1950 OK 219, 222 P.2d 520, 524.

¶ 11 The trial court in the present case erred in failing to make a determination of the amount due before finding Owner's tender was insufficient. On remand, the trial court must hear and determine the amount Owner would be bound to pay if redeeming the land from tax sale. If Owner promptly pays the amount due, she may proceed to defend Holder's claim and to prosecute her counterclaim.

¶ 12 For the foregoing reasons, the trial court's order granting summary judgment in favor of Holder is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.

JOPLIN, P.J., and BUETTNER, C.J., concur.