2008 OK CIV APP 100

**TIP PROPERTIES, L.L.C.**

**v.**

Brent **HARRISON** and **Larryn Harrison,** husband and wife, **Mildred H. Hepburn, Jack L. Hensley, Nancy Harrell, Home-Mart, Inc.,** and **Gloria Marshall** as Wagoner County Treasurer, Defendants/Appellants,

and

**Board of County Commissioners of Wagoner County, Additional Defendant.**

**No. 105,015.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 31, 2008.

Jeff Steen, Broken Arrow, OK, for Plaintiff/Appellee.

Dennis N. Shook, Wagoner, OK, for Defendants/Appellants.

KEITH RAPP, Chief Judge:

¶ 1 The trial court defendants, Brent Harrison and Larryn Harrison, appeal an order granting the plaintiff, TIP Properties, L.L.C. (TIP), summary judgment in this tax deed quiet title action. None of the remaining defendants have participated in the appeal. This appeal proceeds under the accelerated appeal provisions of Okla. Sup.Ct. R. 1.36, 12 O.S. Supp.2007, ch. 15, app. 1.

## BACKGROUND

¶ 2 The Harrisons are record owners as joint tenants with right of survivorship of two tracts of land in New Coweta, Wagoner County, Oklahoma. Their record title is evidenced by a recorded quitclaim deed, which contains a mailing address in Coweta, Oklahoma. The tracts were duly assessed for *ad valorem* taxes for the years 2003 and following. The Harrisons did not pay the taxes.

¶ 3 On October 4, 2004, the County Treasurer sold the tracts for delinquent taxes and, on October 12, 2004, TIP obtained County Treasurer's Certificates of Tax Sale for each tract and thereafter paid the *ad valorem* taxes through 2006. On October 5, 2006, TIP applied for tax deeds for the two tracts and other properties not involved in this matter. The County Treasurer issued the deeds, which TIP recorded.

¶ 4 TIP then filed this action to quiet title and moved for summary judgment. The Harrisons' answer asserted a counterclaim to quiet title in themselves. They alleged that they were not given proper notice of the Application for Tax Deeds for the two tracts. They also moved for summary judgment.

¶ 5 TIP's summary judgment materials consisted of the tax certificates, tax deeds, and Harrisons' lack of response to discovery.[1] The Harrisons' response and motion contained Brent Harrison's affidavit, their quitclaim deeds, and what was represented to be the Wagoner County Clerk's file. The latter consisted of the tax sale certificates, the notice of application for tax deed as published (covering the subject tracts and others), a money receipt from the Sheriff represented to be the fee for service of tax notices, an invoice for a tax lien report, certified mail receipts,[2] a Wagoner County Clerk's receipt for recording fees, tax deeds for the tracts, and three tax sale redemption receipts.

¶ 6 The tax sale redemption receipts involve tracts other than those in this case. However, each was issued on July 12, 2006, to Steven B. Harrison on behalf of Steven B.

---

1.  The failure to respond to the request for admission admitted nonpayment of the taxes, but the Harrisons do not dispute that fact. The Interrogatory asked for their proof of improper notice, which was unanswered. The record does not reflect any motion to compel response pursuant to *12 O.S. Supp.2007, § 3237.*

2.  There are five receipts. Two are each addressed to Brent Harrison and to Larryn Harri-

son at 11704 S. 272nd E. Ave., Coweta, OK. This is the same address as shown on the Harrisons' quitclaim deeds. Two are each addressed to the same persons at 11756 S. 272nd E. Ave., Coweta, OK. The Harrisons represented that the "11756" address is the new enhanced 911 address for the "11704" address. A fifth receipt is addressed to a Steven Harrison at the latter address.

(or Steven Brent) Harrison and Larryn Sue Harrison. TIP was the tax certificate holder for two of the redemption receipts. Each redemption certificate listed the Harrisons' current mailing address.

¶ 7 In his affidavit, Brent Harrison stated that neither he nor his wife, Larryn Harrison, were served with notice of the application for tax deed either by mail, by sheriff, or process server. The appellate record does not contain a sheriff's or process server's return of service nor any of the U.S. Postal Service "green card" receipts for certified mail. The affidavit states that Larryn Harrison is not listed in the Notice of Application for Tax Deed. The copies of that Notice contained in the appellate record do not list Larryn Harrison. The affidavit ends with the statement that the 272nd E. Ave, Coweta, Oklahoma address was the Harrisons' former residence and a current mailing address was provided.[3] The affidavit references redemption receipts for other properties redeemed by the Harrisons which contained their current address and had been a part of the County Treasurer's records since July 12, 2006.

¶ 8 The trial court sustained TIP's motion for summary judgment. Harrisons appeal.

## STANDARD OF REVIEW

¶ 9 The appellate standard of review in summary judgment is *de novo*. *Kirkpatrick v. Chrysler Corp.*, 1996 OK 136, ¶ 2, 920 P.2d 122, 124. The evidentiary materials will be examined to determine what facts are material and whether there is a substantial controversy as to one material fact. *Sperling v. Marler*, 1998 OK 81, 963 P.2d 577; *Malson v. Palmer Broadcasting Group*, 1997 OK 42, 936 P.2d 940. All inferences and conclusions to be drawn from the materials must be viewed in a light most favorable to the nonmoving party. *Carmichael v. Beller*, 1996 OK 48, 914 P.2d 1051. Even though the facts may not be controverted, if reasonable persons may draw different conclusions from these facts summary judgment must be denied. *Bird v. Coleman*, 1997 OK 44, 939 P.2d 1123. Summary judgment is proper

only if the record reveals uncontroverted material facts failing to support any legitimate inference in favor of the nonmoving party. *N.C. Corff Partnership, Ltd. v. OXY USA, Inc.*, 1996 OK CIV APP 92, 929 P.2d 288. When genuine issues of material fact exist summary judgment should be denied and the question becomes one for determination by the trier of fact. *Brown v. Oklahoma State Bank & Trust Co. of Vinita*, 1993 OK 117, 860 P.2d 230; *Flowers v. Stanley*, 1957 OK 237, 316 P.2d 840. Because the trial court has the limited role of determining whether there are any such issues of fact, it may not determine fact issues on a motion for summary judgment nor may it weigh the evidence. *Stuckey v. Young Exploration Co.*, 1978 OK 128, ¶ 15, 586 P.2d 726, 730.

¶ 10 One who defends against a claim and who does not bear the burden of proof is not required to negate the plaintiff's claims or theories in order to prevail on a motion for summary judgment.

■ ¶ 11 The summary judgment motion must stand on its own materials. If the movant has not addressed all material facts, or if one or more such facts is not supported by admissible evidence, judgment for the movant is not proper. *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, 743 P.2d 682.

## ANALYSIS AND REVIEW

■ ¶ 12 The procedure for collection of delinquent *ad valorem* taxes is set out in Article 31 of the Oklahoma Tax Code. In this case, the issues arise during the last phase of the process when a tax deed issues at the request of the tax certificate holder. This part is governed by 68 O.S. Supp.2007, § 3118.

¶ 13 Here, TIP relies upon publication notice to the Harrisons. However, prior to resorting to publication, the seeker of a tax deed must notify the owner of the land of the right of redemption within sixty days. This notice must be served by sheriff, process server, or by *restricted* certified mail. TIP's

---

3. The appellate record does not contain the docket sheet or the summonses issued in this matter to show how and where Harrisons were served in this action.

summary judgment materials do not show such service. The Harrisons' response shows that restricted certified mail was not utilized and that no return of service (or nonservice) is of record from a sheriff or a process server.

¶ 14 Section 3118(B) provides that the seeker of the tax deed must provide an affidavit before utilizing publication. The affidavit must express that the residence of the owner is not known and service cannot be obtained with diligence. TIP's summary judgment materials do not contain the affidavit. The Harrisons' response purports to incorporate the entire file and the affidavit is not a part of the response. Last, it is undisputed that Larryn Harrison is not listed in the notice. She is a record owner of the property.

¶ 15 Compliance with Section 3118 is mandatory. *Jones v. Buford,* 1961 OK 20, ¶ 9, 359 P.2d 232, 234; *Holt v. Baker,* 2005 OK CIV APP 107, ¶ 8, 125 P.3d 1240, 1242. TIP has failed to show compliance, and there is a total absence of notice, personally served or by publication, to one of the owners, Larryn Harrison.

¶ 16 Section 3123 provides that a tax certificate deed is presumptive evidence of the following facts and that it must be pled and proven that one of the facts was wholly omitted in order to defeat the deed.

(a) That the real property deeded was subject to taxation for the year or years stated in the deed.

(b) That the taxes were not paid at any time before the sale.

(c) That the real property deeded had not been redeemed from sale at the date of the deed.

(d) That the property had been listed and assessed.

(e) That the taxes were levied according to law.

(f) That the property was sold for taxes, as stated in the deed, and was duly advertised before being sold; and to defeat the deed it must be clearly pleaded and clearly proven that some one of the above-named six requisites was wholly omitted and not

done, and a showing that any one or all of them was irregularly done will not be sufficient to defeat the deed.

68 O.S.2001, § 3123.

¶ 17 However, none of the listed "facts" establish a presumption that the owners of the property were personally notified as required by Section 3118. The summary judgment record in this case demonstrates that questions of fact exist regarding the notice to the Harrisons.[4] The "inquiry here is not substantial compliance with statutory procedures, but rather, whether the notice satisfies the elementary and fundamental requirement of due process." *Wholesale Petroleum Co. v. Chartin,* 1998 OK CIV APP 183, ¶ 9, 972 P.2d 1184, 1186 (citing *Luster v. Bank of Chelsea,* 1986 OK 74, ¶ 14, 730 P.2d 506, 508–09). Thus, summary judgment for TIP was not proper in this case under the record presented.

¶ 18 It is noted that the Harrisons have not tendered the sums necessary to redeem the tracts involved here. However, inasmuch as the validity of the tax deeds has been called into question and the deeds may be found to be void, then such result will not cut off the Harrisons' redemption rights because no valid tax deed was issued as required by 68 O.S. Supp.2007, § 3118. A tax deed is void for lack of notice regardless of the fact that the owner has not redeemed the property. *Decker v. James,* 2000 OK CIV APP 126, 16 P.3d 1131.

¶ 19 In summary, questions of fact exist regarding whether Brent Harrison received constitutionally sufficient notice before the tax deeds were issued and resolution of the issue of notice is required. The record reflects that Larryn Harrison was not served notice, personally or by publication, and therefore the tax deeds are void as to her interests. Summary judgment pursuant to Rule 13(e), Rules for District Courts of Oklahoma, 12 O.S. Supp.2007, ch. 2, app., should have been granted to Larryn Harrison voiding the tax deeds as to each tract as to her interest.

4. The Harrisons have not challenged the process leading up to the issuance of the tax certificate.

¶ 20 Therefore, the judgment of the trial court granting summary judgment to TIP Properties, L.L.C. is reversed and remanded. The trial court is directed on remand to enter judgment for Larryn Harrison pursuant to Rule 13(e) voiding the tax deeds as to each tract as to her interests. The matter is also remanded for further proceedings as to Brent Harrison.

¶ 21 SUMMARY JUDGMENT FOR TIP PROPERTIES, L.L.C. IS REVERSED AND REMANDED AS TO BRENT HARRISON FOR FURTHER PROCEEDINGS. SUMMARY JUDGMENT FOR TIP PROPERTIES, L.L.C. IS REVERSED AS TO LARRYN HARRISON AND REMANDED FOR ENTRY OF JUDGMENT IN HER FAVOR.

FISCHER, P.J., and WISEMAN, J., concur.