2011 OK 99

**Wsbaldo VALDEZ and Linda Vargas, Plaintiffs/Counter–Defendants/Appellants,**

v.

**OCCUPANTS OF 3908 SW 24TH STREET, OKLAHOMA CITY, Oklahoma and Oklahoma County Treasurer, Defendants/Cross–Defendants,**

and

**Mae Ouellette, Defendant/Counter-Plaintiff/Cross-Plaintiff/Third-Party Plaintiff/Counter–Defendant/Appellee,**

v.

**Hector Vargas, Third–Party Defendant/Counter–Plaintiff.**

**No. 108,599.**

Supreme Court of Oklahoma.

Nov. 22, 2011.

Jennifer S. Jones and James P. Kelley, Kelly & Jones, Oklahoma City, Oklahoma, for Plaintiffs/Counter–Defendants/Appellants.

Jeffery S. Ludlam and Trevor S. Pemberton, Mulinix, Ogden, Hall, Andrews & Ludlam, Oklahoma City, Oklahoma, for Defendant/Counter–Plaintiff/Cross–Plaintiff/Third–Party Plaintiff/Counter–Defendant/Appellee.

COMBS, J.

¶ 1 This cause concerns a dispute over title to property owned in joint tenancy by the Appellants, Wsbaldo Valdez and Linda Vargas. The Appellee, Mae Ouellette, asserts an interest in the property by virtue of a tax deed issued to her. The issues to be resolved are: 1) is a tax deed partially valid if some but not all owners are served the notice of application for tax deed; and 2) what right of redemption does an owner have who is not properly served.

¶ 2 We hold that service of a notice for application of tax deed is mandatory and must be made on all parties required by statute. Failure to make such service will

render any issued tax deed void in its entirety. Valdez, as an owner who was not properly served, has the right to redeem the entire property.

## SUMMARY OF THE LITIGATION

¶ 3 In 1990, Appellants, Wsbaldo Valdez ("Valdez") and his daughter Linda Vargas ("Vargas") purchased the property at issue ("Property") in Oklahoma County as joint tenants. The property was first used as a residence by Vargas and then it was used as rental property. There were several rent-paying tenants, including her son, Hector Vargas. Vargas managed the property per oral agreement with Valdez.

¶ 4 The 2005 ad valorem taxes were not paid and the Oklahoma County Treasurer sold the property at a tax sale on October 2, 2006. Appellee, Mae Ouellette ("Ouellette"), purchased the property at the tax sale and received a tax certificate. On August 18, 2008, Ouellette filed a notice of application for tax deed ("Notice"). Ouellette sent one Notice to the occupant of the property which was signed for by Hector Vargas. She mailed the other Notice to "Linda Vargas & /or Wsvaldo [sic] Valdez" at a post office box which was signed for by Linda Vargas. The post office box was under Vargas' control. Valdez did not have access to the post office box. No other notice was mailed, served or published. Upon receipt of the Notice, Vargas contacted the treasurer's office and was informed that the taxes were paid. She did not inform Valdez about the Notice because she thought the issue was resolved.

¶ 5 A county treasurer's certificate tax deed was issued to Ouellette on November 10, 2008. Valdez stated he first became aware of the sale when Ouellette claimed ownership of the property after the issuance of the tax deed.

¶ 6 A petition to quiet title, for ejectment, and damages was filed by Valdez on February 6, 2009. He asked the trial court to find the certificate tax deed was void for lack of service, and that title be quieted. He also requested immediate possession of the property and damages in the amount of the reasonable rental value of the property. On the same day, Valdez tendered to the Oklahoma County Court Clerk an amount sufficient to satisfy the payment of all taxes, interest and costs required by statute.[1] Valdez later filed an amended petition which included Vargas as an additional party plaintiff.

¶ 7 On April 27, 2009, Valdez and Vargas filed a motion for partial summary judgment, and on July 20, 2009, Ouellette filed a response and counter-motion for summary judgment. She filed, on November 6, 2009, a combined response and supplement to her counter-motion for summary judgment.

¶ 8 Valdez and Vargas contend Ouellette failed to comply with the notice requirements of Title 68 O.S. § 3118 and Title 12 O.S. § 2004(C)(2)(b). Section 3118 provides that prior to a certificate holder receiving a tax deed they shall serve notice on the property owner that the owner has sixty days to redeem the property or a tax deed will be demanded.[2] The notice is to be made by process server, by the sheriff, or by restricted certified mail with return receipt requested. They argue that the provisions of Title 12 O.S. § 2004(C)(2)(b) are applicable and it requires service by mail be made on each defendant in a separate envelope.[3] Because

---

1. Title 68 O.S. § 3113.

2. Title 68 O.S. § 3118 was repealed on April 24, 2008; four months prior to Ouellette filing her Notice of Application for Tax Deed. SB 1770 (2008) repealed provisions relating to the two-year certificate tax deed process. However, Section 7 of SB 1770 created § 3105.1, which provides "[a]ny person holding a tax lien pursuant to Sections 3101 through 3125 of Title 68 of the Oklahoma Statutes prior to the effective date of this act [April 24, 2008] shall be authorized to continue the tax lien or tax deed process under the laws in effect at the time such tax lien or tax deed was obtained." Repealed § 3111, gives a lien to the purchaser at a tax sale. Ouellette purchased the property at the tax sale on October 2, 2006, and received a tax certificate. Therefore, she had a lien prior to SB 1770's repeal of § 3118 and that section as well as other relevant sections are in effect to resolve the issues in the present case.

3. Title 12 O.S. § 2004(C)(2)(b) provides for service by mail of a summons and petition. Section 3118 requires notice be "sent as provided by law." Valdez and Vargas argue that Title 12 O.S. § 2004(C)(2)(b) provides the guideline in determining how to serve the Notice of Application for Tax Deed.

only one notice was sent to the post office box and Vargas signed for that service, Valdez was not properly served.

¶ 9 Next, Valdez and Vargas declare that legal and equity owners of property have the absolute right to redeem all interest in the property from tax sale. In essence the argument is, because Valdez was not served properly, he can redeem the entire property after the tax deed was issued.

¶ 10 Ouellette argues that Valdez and Vargas are an unincorporated association and therefore service on Vargas was enough to effectuate service on Valdez. She cites to the provisions of Title 12 O.S. § 187 [sic (§ 182)] and 2004(c)(3) [sic (2004(C)(1)(c)(3))] which provide for service on unincorporated associations and partnerships.

¶ 11 Vargas and Valdez argue they have never been an unincorporated association and they are not business partners. They assert each owns an undivided interest in the Property in his/her individual capacity and not under any appellation. The post office box is under Vargas' control and Valdez has no access to it. It is not under the name of an unincorporated association created by Valdez and Vargas. Further, title is not held under the name of an unincorporated association or partnership nor was service made to a member of an unincorporated association or partnership. They also argue that § 182 and § 2004(C)(1)(c)(3)are inapplicable because the sections pertain to an unincorporated association or partnership under a particular appellation or common name.

¶ 12 In Ouellette's reply she asserts Valdez and Vargas at least created a business partnership under Title 54 O.S. § 1–202.[4] Further, she contends that even if they did not form some kind of a business, one notice was sufficient because the only address provided to the county treasurer was the post office box, the argument being that it was reasonably probable that Valdez would be apprised of the Notice. She argues the issue of whether or not Vargas and Valdez formed a business entity is a question of fact and therefore the trial court should deny plaintiff's motion for summary judgment. She also contends Vargas was not entitled to summary judgment because she was personally served the Notice.

¶ 13 Ouellette asserts in her combined response and counter-motion for summary judgment that the tax deed was valid as to Vargas and its effect was to sever the joint tenancy between Vargas and Valdez thus making them tenants in common. She relies on Title 60 O.S. § 74 which concerns joint tenancies. This section provides "... [n]othing herein contained shall prevent execution, levy or sale of interest of the judgment debtor in such estates and such sale shall constitute a severance." She also argues that the joint tenancy was severed by Vargas because she leased the Property, made all the decisions regarding the Property, and collected the rent on the Property. She cites to cases in other jurisdictions holding that a lease destroys one or more of the essential four unities of joint tenancy and results in a severance and termination of the joint estate.[5]

¶ 14 She next contends that plaintiffs' theory that the entire Property can be redeemed because he was not properly served is contrary to an Oklahoma Court of Civil Appeals

---

4. Title 54 O.S. § 1–202(a) provides "[e]xcept as otherwise provided in subsection (b) of this section, the association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership." However, subsection (c)(1) states "[j]oint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not by itself establish a partnership, even if the co-owners share profits made by the use of the property."

5. *Swartzbaugh v. Sampson*, 11 Cal.App.2d 451, 54 P.2d 73 (1936); and *Alexander v. Boyer*, 253 Md. 511, 253 A.2d 359 (1969). She also cites to

*American Nat'l Bank & Trust Co. v. McGinnis*, 1977 OK 47 ¶ 3, 571 P.2d 1198, 1199. *American* provides that a joint tenancy is created only when unities of time, title, interest, and possession are present. Unity of time requires interests of joint tenants to vest at the same time; unity of title requires parties to take their interests by the same instrument; unity of interest requires estates of same type and duration; and unity of possession requires joint tenants to have undivided interests in the whole, not undivided interests in the several parts. Alteration of any required unity will destroy the joint tenancy.

case, *TIP Properties, L.L.C. v. Harrison,* 2008 OK CIV APP 100, 197 P.3d 520.[6] The Court of Civil Appeals ("COCA") in *TIP* found that a tax deed was void as to the wife because she was not served notice. The COCA remanded the case back to the trial court to determine whether or not the husband had been properly served notice. Under plaintiffs' theory the COCA should have invalidated the deed against both husband and wife once the determination was made that service upon her was invalid. She argues *TIP* would reject that theory. She also cites *Shackelton v. Sherrard,* 1963 OK 193, 385 P.2d 898, which found the act of a joint tenant in conveying her interest in property to a stranger operates to sever that interest from the tenancy. *Shackelton,* however, dealt with a joint tenant who executed a quit claim deed to a third-party grantee, and by doing so, this Court found that the joint tenancy was severed.

¶ 15 Valdez and Vargas assert the right of redemption and the validity of the tax deed are two distinct issues. The validity of a tax deed against one interest holder does not extinguish the right of redemption of another interest holder. Nor is there statutory or case law authority for the parceling of the various interest in the real property. Ouellette should not be permitted to insert herself as an interest holder by just serving one owner and, thereby, depriving Valdez of his right to redeem the entire property. That result would be absurd because she would receive an interest in the Property and also receive the delinquent tax amount, interest and costs. They also cite *Shackelton v. Sherrard, supra,* for the purpose of showing that parties can have a special agreement at variance with the legal presumption of the equality of joint tenants and that their rights and interests will be fixed in accordance with their own agreements.[7] The understanding between Valdez and Vargas at the time of their purchase of the property was that they were co-owners as joint tenants with the right of survivorship, and that Vargas was to manage the property. The leasing of the property by Vargas was consistent with this arrangement.

¶ 16 Valdez and Vargas further argue that even if it is found that the joint tenancy was severed, Valdez had the right under § 3113 and § 3118 to redeem the entire property. They cite *Patterson v. Wilson,* 1950 OK 271, ¶ 8, 203 Okla. 527, 223 P.2d 770, 772, where this Court held that a co-tenant of mineral interest had only the right to redeem the entire property from a tax sale and not just his mineral interest, because the mineral interest was not separately taxed. At that point, the co-tenant could endeavor to collect from his co-tenants their proportionate share of the tax. Because the Property is a single lot with a single tax identification and tax amount, Valdez must redeem the Property by payment of the delinquent taxes, interests and costs. Then he can collect the taxes owed by Vargas.

¶ 17 On July 8, 2010, the trial court issued its Journal Entry of Judgment and certified the same as a final judgment pursuant to Title 12 O.S. § 994. The trial court found that Ouellette did not properly serve notice on Valdez and the certificate tax deed was void as to him. The certificate tax deed was, however, valid as to the interest of Vargas. Ouellette was awarded Judgment *in rem* against Vargas for possession of an undivided one-half (1/2) interest in and to the Property. The trial court also held Vargas has no right, title, ownership or interest in and to the Property. The court found that Valdez had tendered the necessary amount to redeem the interests of *both* Valdez and Vargas, but denied Valdez' request to fully redeem the Property for the interests of both Valdez and Vargas. The court held that Valdez is entitled to only redeem an undivided one-half (1/2) interest in the Property and now is a tenant in common with Ouellette who also holds an undivided one-half (1/2) interest in the Property.

¶ 18 On August 11, 2010, Appellants filed their petition in error with this Court. On November 4, 2010, the case was assigned to

---

6.  This case was not released for publication by the Oklahoma Supreme Court and therefore is not precedential.

7.  *Shackelton v. Sherrard,* 1963 OK 193, ¶ 10, 385 P.2d 898, 900.

the Oklahoma Court of Civil Appeals. COCA affirmed the trial court. In its opinion filed June 16, 2011, the court found the material facts were not in dispute. The material facts are that Vargas and Valdez owned property in joint tenancy and used it as rental property. Ouellette served the Notice on Vargas but not on Valdez. The court cited *Garcia v. Ted Parks, L.L.C.*, 2008 OK 90, ¶ 18, 195 P.3d 1269, 1274. This Court held in *Garcia* that the notice requirements concerning tax sales were mandatory even if the property owner has actual knowledge of the sale. If the certificate holder fails to comply with the notice statutes, then the court may set aside the tax deed. COCA agreed with the trial court in finding that Valdez was not properly notified and, therefore, the tax deed issued for his interest was void.

¶ 19 COCA determined the remaining issue was whether a joint tenant may redeem all of the property or only his quantity of interest in the property when a tax deed has been found void for lack of proper notice as to one joint tenant. The court looked at *TIP Properties, L.L.C. v. Harrison*, supra. It found the effect of *TIP* is that a tax deed may be void as to one joint tenant but not another, because a tax sale terminates the joint tenancy. The court noted this Court's opinion in *Toma v. Toma*, 2007 OK 52, ¶ 15, 163 P.3d 540, which held that a levy or execution destroys joint tenancy. Once the joint tenancy is terminated, the interest holders are tenants in common. *American Nat. Bank & Trust Co. of Shawnee v. McGinnis*, 1977 OK 47, 571 P.2d 1198. COCA held the trial court correctly found that Ouellette and Valdez were tenants in common and, upon termination of the joint tenancy, Valdez had no interest in the whole estate to redeem. Therefore, Valdez could only redeem a one-half (1/2) interest in the Property.

¶ 20 Appellants filed a petition for writ of certiorari which was granted by this Court on October 10, 2011.

## STANDARD OF REVIEW

¶ 21 An appellate court reviews a grant of summary judgment by a de novo standard. In *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053, we said:

> Although a trial court in making a decision on whether summary judgment is appropriate considers factual matters, the ultimate decision turns on purely legal determinations, i.e. whether one party is entitled to judgment as a matter of law because there are no material disputed factual questions. Therefore, as the decision involves purely legal determinations, the appellate standard of review of a trial court's grant of summary judgment is de novo. [This Court], like the trial court, will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. Further, all inferences and conclusions to be drawn from the evidentiary materials must be viewed in the light most favorable to the non-moving party. (Citations omitted.)

## VALDEZ WAS NOT PROPERLY SERVED NOTICE

¶ 22 Ouellette argues that Valdez and Vargas were either an unincorporated association or a partnership and therefore service on Vargas was also effective on Valdez. She cites to Title 12 O.S. § 187 sic [§ 182] and § 2004(c)(3) sic [§ 2004(C)(1)(c)(3) ] which concern service of process on unincorporated associations and partnerships. However, these statutes require such unincorporated associations and partnerships to be under a particular appellation or common name. The record does not reflect Valdez and Vargas used any particular appellation or common name, nor was service attempted on any appellation or common name. She also asserts Valdez and Vargas are partners under the provisions of Title 50 O.S. § 1–202. This section provides that when two people form a business for profit they are partners regardless if they intended to form a partnership. This same section, however, also provides that a joint tenancy "does not by itself establish a partnership, even if the co-owners share profits made by the use of the property." Therefore, we find from the evidence presented in the record, and the statutes cited above, Val-

dez and Vargas did not form an unincorporated association or partnership and service upon Vargas was not proper service on Valdez.

## VALDEZ HAS THE RIGHT TO REDEEM THE ENTIRE PROPERTY

¶ 23 The issue to resolve is whether Valdez has a right to redeem the Property. Ouellette states, in her answer to the petition for writ of certiorari, the Notice to Vargas was valid and she failed to redeem her interest in the Property. Vargas' actions severed the joint tenancy, and Valdez could redeem only his interest in the property. She argues that COCA applied the *TIP* case correctly.

¶ 24 The trial court and COCA held the tax deed severed the joint tenancy. Ouellette could then step into Vargas' shoes and have a one-half (1/2) undivided interest in the Property with Valdez as tenants in common. We disagree.

¶ 25 This Court has long held that notice upon an owner is jurisdictional and failure to make the mandatory notice renders the tax deed absolutely void.[8] The court may set aside a tax deed if the certificate holder fails to comply with the statutory notice requirements.[9] This Court has also held that the property owner's actual knowledge of a tax deed proceeding does not relieve the person seeking the deed from complying with the notice statutes.[10]

¶ 26 Title 68 O.S. § 3113 provides "[t]he owner of any real estate, or any person having a legal or equitable interest therein, may redeem the same at any time before the execution of a deed of conveyance ..." This Court has held that "[u]ntil a resale tax deed, valid on its face, has been issued and delivered, the landowner has the right to redeem from the tax sale and tax resale."[11] We find the tax deed issued to Ouellette is void for failure to serve notice on Valdez. Because the tax deed is void, Valdez and Vargas, as joint tenants, have the right to redeem the Property after the issuance of the tax deed.

¶ 27 Proper service on Vargas did not create a partially valid tax deed. The tax deed is void in its entirety by reason of the defective notice to a joint tenant, Valdez. This Court has previously held that "[w]hen a proceeding is void for one purpose, it is void for all purposes. A void tax deed is like a void judgment, which (to use the language of Justice Ramsey, formerly of this court) is but 'a dead limb upon the judicial tree, which may be lopped off at any time.' "[12] Ouellette's assertion that proper service on Vargas made the tax deed valid as to Vargas' interest is incorrect. The tax deed is for the entire property upon which delinquent taxes were owed. Her reliance on Title 60 O.S. § 74 which applies to severance of a joint tenancy because of execution, levy or sale of interest of a judgment debtor, is also incorrect. The referenced portion of that section of law applies to a judgment debtor and there is no judgment upon which an execution, levy or sale took place in the present case. Because service was not made on Valdez, the tax deed itself is void, therefore there is nothing legally valid to sever the joint tenancy.[13]

¶ 28 Ouellette cannot benefit from failing to serve proper notice on Valdez. Valdez, as an owner, has the right to redeem the entire property upon which taxes were delinquent.[14] The purpose of the law is to assess, levy and collect taxes upon land where the appropriate taxes have not been paid. It is not for the purpose of taking one person's land and giv-

---

8. *Garcia v. Ted Parks, L.L.C.,* 2008 OK 90, ¶ 18, 195 P.3d 1269, 1274; *Bowen v. Thompson,* 1926 OK 812, ¶ 1, 120 Okla. 5, 249 P. 1109, 1110.

9. *Id. Garcia,* citing *Jones v. Buford,* 1961 OK 20, 359 P.2d 232.

10. *Id.*

11. *Petrovics v. Brown,* 1951 OK 173, ¶ 4, 205 Okla. 116, 235 P.2d 708, 709.

12. *Lind v. Stubblefield,* 1929 OK 143, ¶ 16, 138 Okla. 280, 282 P. 365, 367 (quoting *Pettis v. Johnston,* 1920 OK 224, 78 Okla. 277, 190 P. 681).

13. *Black's Law Dictionary* 1604 (8th ed. 2004) defines "void" as being "[o]f no legal effect; null."

14. *See Patterson v. Wilson,* 1950 OK 271, ¶ 8, 203 Okla. 527, 223 P.2d 770, 772.

ing it to another for a paltry or inconsequential sum.[15] Only if notice has been properly served on all required parties, does the tax certificate holder have the right to demand a tax deed.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT REVERSED AND CAUSE REMANDED.**

¶ 29 ALL JUSTICES CONCUR.

**15.** *Foster v. Marshall*, 1930 OK 73, ¶ 45, 141 Okla. 246, 284 P. 882, 888.